[4] As there has been offered no proof of such damage, the court may only assume that the plaintiff has suffered nominal damages.

Under the stipulation, the court will direct a verdict in favor of the defendant upon the first cause of action and a verdict in favor of the plaintiff for six cents upon the second cause of action.

---

TRADESMAN'S NAT. BANK OF CONSHOHOCKEN v. BOLDT et al.

(Supreme Court, Appellate Division, Fourth Department. January 8, 1913.)

1. MECHANICS' LIENS (§ 115*)—PAYMENT TO CONTRACTOR—RIGHTS OF SUBCONTRACTORS.

A husband made a contract for the construction of a building on his wife's land. A subcontractor who did part of the work filed and served a notice of lien after the time for filing liens had expired. Thereafter the husband paid the amount still due to the principal contractor, and took a bond of indemnity against the subcontractor's claim. *Held*, that a personal judgment in favor of the subcontractor could not be rendered against the husband, he not having contracted with the subcontractor, nor become liable because of the ineffective notice of lien, nor because of the indemnity bond taken for his own protection.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 150–159; Dec. Dig. § 115.*]

2. INTEREST (§ 19*)—UNLIQUIDATED DEMANDS.

In an action on an unliquidated demand, interest was properly denied.

[Ed. Note.—For other cases, see Interest, Cent. Dig. §§ 35–40; Dec. Dig. § 19.*]

3. APPEAL AND ERROR (§ 1177*)—DISPOSITION—GRANTING NEW TRIAL.

In a subcontractor's action to foreclose a mechanic's lien, upon reversal of a personal judgment against the owner, where facts may be shown upon another trial making him personally liable, a new trial will be granted, instead of dismissing the complaint.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4597–4620; Dec. Dig. § 1177.*]

4. MECHANICS' LIENS (§ 271*)—PERSONAL JUDGMENT—COMPLAINT.

A subcontractor suing to foreclose a mechanic's lien should, if he wishes to hold the owner personally liable, allege the facts showing such liability, and demand a personal judgment.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 494–513; Dec. Dig. § 271.*]

Appeal from Judgment on Report of Referee.

Action by the Tradesman's National Bank of Conshohocken against George C. Boldt, Sr., the J. Franklin Whitman Company, and others. From a judgment against the defendants named, and dismissing the complaint as to the other defendants, plaintiff and the defendant Boldt bring cross-appeals. Affirmed in part, and reversed in part.

Argued before McLENNAN, P. J., and KRUSE, ROBSON, and FOOTE, JJ.

J. H. O'Brien, of Watertown, for plaintiff.
Joseph Atwell, of Watertown, for defendants.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

KRUSE, J. The action is in form for the foreclosure of a mechanic's lien. The defendant George C. Boldt, Sr., contracted with the defendant J. Franklin Whitman Company for the construction by that company of a building to be located upon his wife's lands, known as Heart Island, situate in the St. Lawrence river in this state. The plaintiff's assignor was a subcontractor under the J. Franklin Whitman Company for a part of the work. After the work had been commenced, Mrs. Boldt, the owner of the lands, died intestate, leaving her husband and two children. The subcontractor did not complete the work called for by its contract by September 17, 1903, as the contract required, but the referee found that the provision as to time of completion was waived. However, the work still being incomplete on December 9, 1903, the J. Franklin Whitman Company directed the plaintiff's assignor to quit work, which it did on or before December 11, 1903. The notice of lien was filed the 14th day of March, 1904, and also served on the defendant George C. Boldt, Sr., on or about March 11, 1904, by letter, as the referee finds. At the time of the filing and serving of the notice of lien, there was owing by the defendant George C. Boldt, Sr., to the J. Franklin Whitman Company a sum in excess of $3,000, which was subsequently paid over to the Whitman Company by Boldt, Sr., upon his receiving a bond of indemnity against the claim of the plaintiff's assignor. The referee held that the notice of lien was not timely filed or served, but directed a personal judgment upon the claim of the subcontractor, which had been assigned to the plaintiff, not only against the contractor, the defendant the J. Franklin Whitman Company, but also against George C. Boldt, Sr., and dismissed the complaint without costs as against the defendants George C. Boldt, Jr., and Clover Boldt, the children of Mrs. Boldt, who had died, as above stated.

[1] I am unable to see upon what principle George C. Boldt, Sr., is liable to the plaintiff upon the contract made by J. S. Moser & Co., its assignor, with the J. Franklin Whitman Company. Boldt, Sr., was not a party to that contract. His contract was with the J. Franklin Whitman Company. It was the latter whom he promised to pay for doing the work upon the building. J. S. Moser & Co. were subcontractors under the J. Franklin Whitman Company. It is true that the subcontractor undertook to intercept what was due from Boldt, Sr., to the J. Franklin Whitman Company by filing notice of lien, but the notice was not filed or served within the time limited by the statute, and the referee has decided that they have no lien. While Boldt, Sr., took back a bond of indemnity when he paid over to the contractor, to whom he was liable, that, I think, does not make him liable to the subcontractor. He had a right to do that, and it was very proper that he should do so, because it had not been established that the lien filed was not effective.

The claim for extra work done by the plaintiff's assignor seems to stand upon the same footing as the rest. The referee finds that such extras were furnished at the request of J. Franklin Whitman Company. There is no finding that there was any new contract made between Boldt, Sr., and the subcontractor. Even if the notice of lien

had been effective, the lien would have been against the property, not against Boldt, Sr. He was not even the owner of the land. The property belonged to Mrs. Boldt, and apparently the title is now in her children, subject to the life estate of Boldt, Sr., as tenant by the curtesy. Of course, if the lien had been effective and Boldt, Sr., had then paid to the J. Franklin Whitman Company, he would not be permitted to urge that payment against the subcontractor. But that is not this case.

The case of Terwilliger v. Wheeler, 81 App. Div. 460, 81 N. Y. Supp. 173, and similar cases cited by plaintiff's counsel, do not, I think, sustain his contention that a personal judgment may be awarded against Boldt, Sr. That case holds that a personal judgment may be awarded in favor of a plaintiff against such defendants as are indebted to him. But, as has been seen, there is no finding in this case that Boldt, Sr., is indebted to the plaintiff or any facts from which such an inference may be found.

I think the judgment in favor of the plaintiff against the contractor, J. Franklin Whitman Company, was proper, but not against George C. Boldt, Sr. As to him, the judgment should be reversed.

[2] The plaintiff by its appeal challenges the amount of the judgment, contending that interest should have been allowed. I think the referee correctly decided that the claim was unliquidated, and that the plaintiff was not entitled to the interest.

[3, 4] Personally I am of the opinion that no new trial should be awarded, but that the judgment as against George C. Boldt, Sr., should be reversed and the complaint as to him dismissed, especially in view of the amendment of 1912 (Laws 1912, c. 380) to section 1317 of the Code of Civil Procedure. The plaintiff seems to rely entirely upon the findings made by the referee, to which its exceptions contained in the record are directed. No case was made, and the evidence is not before us. But a majority of the court seem to be of the opinion that facts may be shown upon another trial which will make the defendant George C. Boldt, Sr., personally liable. Possibly that may be so, at least for extra work (Mitchell v. Dunmore Realty Co., 135 App. Div. 583, 120 N. Y. Supp. 771), and I am willing to yield to that suggestion. In that view, however, it may be well for the plaintiff to amend its complaint by alleging appropriate allegation showing how the defendant Boldt, Sr., is liable and demanding a personal judgment.

The judgment should therefore be reversed as to George C. Boldt, Sr., and a new trial ordered as to him, with costs to the appellant George C. Boldt, Sr., to abide the event; and, as to the other defendants, the judgment should be affirmed, without costs. All concur, McLENNAN, P. J., in result only; LAMBERT, J., not sitting.