■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ASIATIC PETROLEUM CORPORATION, Appellant, and SHELL OIL COMPANY et al., Defendants.— Order, Supreme Court, New York County, entered on May 30, 1974, unanimously modified, on the law and on the facts, so as to delete therefrom the last ordering paragraph directing that a prior restraining order remain in force until entry of judgment herein; the order is otherwise affirmed, without costs and without disbursements. In this action under the Donnelly Antitrust Act (General Business Law, § 340 *et seq.*) and subdivision 12 of section 63 of the Executive Law plaintiff moved for a preliminary injunction by an order to show cause. On February 13, 1974, the parties agreed to an adjournment and further stipulated to a temporary restraining order preventing appellant from disposing of 154,000 barrels of No. 2 home heating oil remaining from an original lot of 1,000,000 gallons held in New Jersey storage tanks. We agree with Special Term's findings and conclusions contained in its memorandum decision of April 5, 1974. Therein, the court weighed the conflicting characterizations placed on appellant's transactions and concluded that the drastic remedy of a temporary injunction should not be granted since a more desirable option was available. An immediate trial was ordered, the court formulating its disposition of the motion

as a grant of the temporary injunction solely to that extent. Nonetheless, the order entered on the motion not only directed an immediate trial but also continued the temporary restraining order until entry of judgment. In view of the conflicting facts and appellant's explanations and denials, Special Term properly denied preliminary injunctive relief. Yet the order appealed from contains the same relief in different form. The power of a court of equity to grant interlocutory injunctions is circumscribed to that given by the Legislature. (*Bachman* v. *Harrington*, 184 N. Y. 458, 462; *Spears* v. *Mathews*, 66 N. Y. 127; *Maspeth Branch Realty* v. *Waldbaum*, 19 A D 2d 833; *Kleinman* v. *Kleinman*, 283 App. Div. 1063.) CPLR 6301 provides for a temporary restraining order *pending a hearing* for a preliminary injunction but no such provision is made *following* the hearing. (See, also, CPLR 6313, subd. [a].) It follows that the temporary restraining order must fall upon the disposition of the motion for the preliminary injunction which was granted but "solely to the extent that this matter is directed to proceed to immediate trial." Concur — McGivern, P. J., Markewich, Nunez, Lupiano and Lane, JJ.