■ LLEWELLYN TOWNER et al., Appellants, v CLAUDE W. JAMISON et al., Respondents. — Judgment unanimously reversed, on the law and facts, without costs, and a new trial granted in the interest of justice, in accordance with the following memorandum: Plaintiff Towner and defendants claim title by deed to property in the immediate vicinity of a seawall and a dock built by Towner on the west shore of Goodhue Lake about 1962. In 1957 Towner conveyed a six- and one-half acre parcel of land, known as the tavern premises, out of a larger tract he owned, to his brother, Ray, who is defendants' predecessor in title. At issue is whether title to the disputed parcel was

conveyed to Ray or retained by Towner. This proceeding was brought in 1981 when defendants blocked access to the dock by the erection of a fence. County Court treated the proceeding as one to compel a determination of a claim to real property under RPAPL article 15 and after a nonjury trial found that defendants were owners of the land in question. We disagree. The dispute centers upon the correct beginning point in the 1957 deed which was described as follows: "Commencing at the northeast corner of the premises hereby conveyed, which point is the intersection of the County Road and the private road running along the west end of Goodhue Lake; thence south 10 degrees west along the shore line of Goodhue Lake about 500 feet to a culvert". At the time the deed was prepared the private road branched into a "Y" at the intersection with the county road, although only remnants of it now exist. The issue is whether the intersection of the east or west fork of the private road with the county road constitutes the point of beginning. Plaintiffs' surveyor used a stake, which is not referred to in the deed and which was found between the forks, to prepare a map said to represent the tavern premises. Plaintiff Towner testified that he and Ray placed the stake in 1957 to mark the beginning point. Defendants' surveyors used a point at the intersection of the easterly branch of the fork as the beginning point. We find that none of the surveys provides a basis to determine the beginning point and the easterly boundary of the tavern premises. There is insufficient proof to make any determination or declaration with respect to the rights of the parties, and the determination of the trial court must be reversed. The problems with plaintiffs' survey are twofold. First, evidence concerning the stake which was used as the starting point contradicts the express terms of the deed. Parol evidence was not admissible to contradict or vary the deed, but could only be used "to show the particular property to which the words or general description were intended to apply." (1A Warren's Weed, NY Real Property [4th ed], Description, § 2.13.) Furthermore, it was unquestionably the intent of the brothers to convey a parcel of land bounded on the east by Goodhue Lake. This monument which is recited in the deed takes precedence over the courses and distances contained therein (1A Warren's Weed, NY Real Property [4th ed], Description, §§ 2.03, 2.04; 1 NY Jur 2d, Adjoining Landowners, § 70). Plaintiffs' survey, however, shows the easterly boundary of the tavern premises as running along the remnants of the private road and not "along the west end of Goodhue Lake". Defendants' surveys are also inaccurate and defective. Their surveyor McConnell attempted to establish the beginning point by commencing at the monument at the end of the first course, i.e., the culvert, and running back 500 feet, the distance called for in the deed (see 1 NY Jur 2d, Adjoining Landowners, § 75). From the beginning point, McConnell then drew a straight line to the easterly corner of the seawall from which he followed the lake shore to the culvert. The easterly corner of the seawall, however, is an arbitrary point which bears no relation to the express terms of the deed or the intention of the brothers when the property was conveyed. Moreover, there is no evidence in this case to overcome the presumption that the easterly boundary was intended to be straight (see 1 NY Jur 2d, Adjoining Landowners, § 75). Defendants' surveyor Moore based his survey on the McConnell map and shows the same easterly line as did McConnell. In our view, the surveyors failed to recognize the manifest intent of the brothers that the property be bounded on the east by a line running along the shore of Goodhue Lake from the culvert to the county road. The monuments recited in the deed should be given preponderating weight and the boundary lines drawn to conform therewith. If this is done, expert proof may be forthcoming which could definitely establish the point of beginning and the easterly boundary between the parties. In the interest of justice a new trial should be held limited to this issue (see 10

Carmody-Wait 2d, NY Prac, § 70:434; see, also, *Brown v Metropolitan Life Ins. Co.,* 41 AD2d 930; *Tradesman's Nat. Bank v Boldt,* 155 App Div 72). We find that plaintiffs' remaining contentions are without merit. (Appeal from judgment of Steuben County Court, Purple, J. — trespass.) Present — Dillon, P. J., Boomer, Green, O'Donnell and Schnepp, JJ.