■ 57 GREAT JONES STREET ASSOCIATES, Appellant, v ANDY WARHOL ENTERPRISES, INC., Respondent and Third-Party Plaintiff-Respondent. ROBERT VON ANCKEN et al., Third-Party Defendants-Appellants.—Order, Supreme Court, New York County (William J. Davis, J.), entered April 19, 1989, which, *inter alia,* denied appellants' motions for summary judgment pursuant to CPLR 3212, is unanimously affirmed, to the extent appealed from, without costs.

This action concerns the proposed sale of two separate buildings showing one common tax lot in New York City: one at 57 Great Jones Street and the second at 342 Bowery. Appellants, in seeking, *inter alia,* specific performance of the sale of the premises at 57 Great Jones Street, contend that two separate contracts of sale were executed evidencing the parties' intention to provide for an independent and separate sale of each of the premises. Respondent, on the contrary, urges that the two contracts, although in form separate, in fact provide for, and were intended to effect, only a single simultaneous sale of both premises, with the conceded inabil-

ity of the sellers to convey one parcel relieving them of the obligation to convey the second.

While there are two distinct contracts before the court, each one considered separately is incomplete and ambiguous, even as to the metes and bounds of the property to be conveyed. Indeed, neither contract allocates the respective tax, water and sewer charges separately for each of the premises. Moreover, the contracts provide that both properties are to be purchased "concurrently". Consequently, these ambiguities, and others, raise material factual questions which cannot be resolved on this summary judgment motion. *(Rotuba Extruders v Ceppos,* 46 NY2d 223.) Parol evidence, here, is admissible in order to clarify the intentions of the parties. *(Geary v Dade Dev. Corp.,* 62 AD2d 1083.)

We have considered appellants' other contentions and find them to be unpersuasive. Concur—Sullivan, J. P., Carro, Wallach, Smith and Rubin, JJ.