■ BLUEGRASS INVESTMENTS, INC., Respondent, v JAMES HODGES, Appellant.—Order and judgment (one paper) of the

Supreme Court, New York County (Diane A. Lebedeff, J.), entered July 13, 1989, which, *inter alia,* granted plaintiff Bluegrass Investments, Inc.'s motion for summary judgment and denied defendant's cross motion for summary judgment, is unanimously modified, on the law, to deny plaintiff's motion, and otherwise affirmed, without costs or disbursements.

Plaintiff brought this action on a promissory note executed by defendant in the amount of $78,000, due December 31, 1983, with interest at 8%, seeking the amount due in the first cause of action and attorneys' fees in its second cause of action.

The note provided in pertinent part: "This Note shall be payable out of 100% of the proceeds derived and received pursuant to my investment in T&J Associates, a Tennessee limited partnership, with proceeds first being applied to interest at the rate of 8% per annum and then to principal until fully paid but in no event later than December 31, 1983."

Plaintiff moved for summary judgment, its president, Daniel Broder, alleging that the loan was made to defendant for the purpose of allowing defendant to purchase an interest in T&J Associates. He contended that the note did not limit payment solely to proceeds of T&J, but just identified that source as a fund out of which payment could be made. However, it was not designated as the exclusive source of repayment.

Defendant cross-moved for summary judgment reiterating the claim made in his answer, that repayment of the note was to be made out of the proceeds from the investment only. An officer in plaintiff corporation, John Malesco, filed an affidavit in support of defendant's cross motion, asserting that it was made clear to Broder that defendant was without funds to repay the loan and that Broder represented, in response, that repayment would come solely from the profits of T&J and that defendant would have no personal liability.

The IAS court granted plaintiff summary judgment, finding that the reference to the profits of T&J in connection with repayment of the note did not condition repayment upon the adequacy of that fund. The court found that there were no provisions in the note to permit delay of payment in the event there were no proceeds. Accordingly, it found defendant had failed to raise a triable issue of fact to defeat plaintiff's claim for payment under the terms of the instrument.

UCC 3-105 (1) (f) provides as follows:

"(1) A promise or order otherwise unconditional is not made conditional by the fact that the instrument * * *

"(f) indicates a particular account to be debited or any other fund or source from which reimbursement is expected".

UCC 3-105 (2) (b), on the other hand, provides:

"(2) A promise or order is not unconditional if the instrument * * *

"(b) states that it is to be paid only out of a particular fund or source except as provided in this section."

Whether the language of the note, therefore, simply identifies the proceeds from the T&J investment as the source from which reimbursement is expected, or whether it indicates reimbursement will be made *only* from such proceeds, is the issue. "The distinction between a fund from which a draft or order is directed to be paid, and one referred to as the means of reimbursement to its drawee, is a material one, and cannot be disregarded in the construction of such instruments. * * * 'When a reference is made to a special fund merely as a direction to the drawee how to reimburse himself, and the payment is not made to depend upon the adequacy of the fund, it will not vitiate the bill' " *(Schmittler v Simon,* 101 NY 554, 559-560 [1886], quoting Edwards, Bills and Notes § 158).

The Court of Appeals, in this seminal case, phrased the issue as whether "the fund in question is referred to as the measure of liability or the means of reimbursement" *(supra,* at 560).

We conclude that the language of the note is ambiguous, and therefore a factual question is raised which cannot be resolved upon a summary judgment motion *(Rotuba Extruders v Ceppos,* 46 NY2d 223). Parol evidence, under the circumstances, is admissible to clarify the intentions of the parties *(57 Great Jones St. Assocs. v Warhol Enters.,* 156 AD2d 132).

Further, while defendant claims plaintiff is a foreign corporation conducting business in this State without authority *(see,* Business Corporation Law § 1312), defendant failed to meet his burden of proving that plaintiff's business activities in New York were "so systematic and regular as to manifest continuity of activity" in New York *(Construction Specialties v Hartford Ins. Co.,* 97 AD2d 808). Concur—Murphy, P. J., Milonas, Rosenberger, Asch and Rubin, JJ.