■ VALLEY VIEW GARDENS OF MONSEY, N. Y., SECTION II, INC., Appellant, v VALLEY VIEW GARDENS, INC., Respondent.— Levine, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Bergerman, J.), entered April 25, 1991 in Rockland County, which, inter alia, granted defendant's motion for summary judgment declaring, inter alia, that defendant may require all of plaintiff's tenants to pay a reasonable fee for the use of defendant's recreational facility.

Plaintiff and defendant are cooperative apartment corporations that each hold one half of a formerly unified apartment complex in Rockland County. By deeds dated September 30, 1977, a common grantor conveyed one half of the apartment complex to Valley View Associates No. 1 and the other half, which included a recreational facility and swimming pool, to Valley View Associates No. 2. Following further transfers of the property, plaintiff acquired the first half of the complex and defendant acquired the other half, including the recreational facility and swimming pool.

The deeds in defendant's chain of title, as well as the deed to defendant (hereinafter the deed), included an express easement allowing plaintiff's tenants to use the recreational facility located on defendant's property. All of the deeds further

provided that use of the easement was: "SUBJECT TO such rules and regulations as may be established and/or promulgated from time to time by the Purchaser or the then Owner of the premises hereinabove described, provided and conditioned, however, that such rules and regulations and *any and all fees,* charges, impositions, taxes, or dues, or howsoever same may be denominated, *to be paid,* exacted, *or charged for the use* of said facilities, or any part thereof, shall be *uniformly applicable,* without distinction, to *all of the Tenants,* and the guests thereof, if any, in all of the Buildings conveyed as well as to all of the Tenants, and the guests thereof, if any, in all of the [common grantor's] Buildings on the property to be retained by the [common grantor], its successors and assigns * * *. This covenant shall be a covenant running with the land" (emphasis supplied). Prior to 1985, defendant charged an annual fee only to those tenants who actually used the recreational facility. Beginning in 1985, however, defendant ceased charging a fee only to those tenants who used the facility and began charging a flat annual fee directly to plaintiff, regardless of the number of plaintiff's tenants who used the facility. This fee rose steadily, from $7,500 in 1985 to $22,500 in 1991. Defendant also "charged" the same fee to itself during this period.

Plaintiff subsequently commenced this action seeking a declaration of the parties' rights and obligations under the language of the deed, and an accounting. The parties then made cross motions for summary judgment. Supreme Court held that, under the language of the deed, defendant could properly charge a flat fee unrelated to use of the facility on plaintiff's tenants, but not on plaintiff itself, so long as defendant charged all of its tenants the same fee. Supreme Court further ruled that defendant was entitled to make a profit on the fee charged and that plaintiff was not entitled to an accounting. Plaintiff now appeals from Supreme Court's order.

Initially, we agree with Supreme Court's conclusion that defendant could charge a fee only to plaintiff's tenants and not to plaintiff itself. The deed expressly refers to fees charged to "all of the *Tenants"* (emphasis supplied), and makes no reference to any *owner* of the property. We disagree, however, with Supreme Court's conclusion that defendant may charge plaintiff's tenants a fee that is unrelated to their use of the facility. The deed creates two conditions on defendant's imposition of fees: the fees must be "uniformly applicable * * * to all of the Tenants" and may only be "charged for the *use* of said facilities" (emphasis supplied). The only construction

which reconciles these conditions and gives them both effect authorizes the imposition of a uniform fee only for actual use of the facility, not for the right to use it.

Moreover, even if the quoted language of the deed is ambiguous, the only extrinsic evidence introduced to aid in construction of the easement supports plaintiff's proffered construction (see, Di Leo v Pecksto Holding Corp., 304 NY 505, 514; Briggs v Di Donna, 176 AD2d 1105, 1107-1108; Matzell v Distaola, 105 AD2d 500, 502, lv denied 64 NY2d 608). For a substantial number of years after the conveyance, defendant charged plaintiff's tenants an annual fee based upon each tenant's use of the facility, thus establishing a practical construction of the deed and showing that the deed was intended to permit defendant to impose fees for use only (see, Di Leo v Pecksto Holding Corp., supra).

We also find that Supreme Court erred in ruling that defendant was entitled to earn a profit on the fee that it charges. Presumably, and in the absence of proof to the contrary, any profit above the costs of the operation of the recreational facility would be applied to reduce defendant's expenses in operating and maintaining its residential apartment complex, thereby reducing defendant's tenants' charges therefor. Because plaintiff's tenants thus do not receive the same benefit as defendant's tenants from the application of the profit portion of the fee, they are not in reality being charged at a uniform rate. This is in violation of the quoted uniformity provision of the grant of the easement in the deed.

Finally, to be addressed is plaintiff's contention that it is entitled to an accounting with regard to the sums it has paid to defendant since 1985 in the form of a blanket fee. Here, defendant owes a duty of fairness, arising out of the contract, to treat all of the tenants equally. Plaintiff made payments to defendant, entrusting defendant to apply the payments in a uniform fashion. This entrustment gave rise to a fiduciary relationship, entitling plaintiff to an accounting on defendant's application of the payments (see, Davis v Dime Sav. Bank, 158 AD2d 50, 52).

In sum, we hold that, under the language of the deed, defendant may only charge plaintiff's tenants a fee for actual use of the facility, which fee may not include any profit to defendant. Additionally, plaintiff is entitled to an accounting with respect to the blanket fees that it paid over to defendant since 1985.

Mikoll, J. P., Yesawich Jr., Mercure and Harvey, JJ., concur.

Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as declared that defendant could charge a fee to plaintiff's tenants for the right to use the facility and could charge a fee that included profit above defendant's actual expenses, for maintaining and operating said facility and that plaintiff was not entitled to an accounting; plaintiff's cross motion for summary judgment granted and plaintiff's rights are declared in accordance with this Court's decision; and, as so modified, affirmed.