■ MICHAEL F. MODRZYNSKI et al., Respondents-Appellants, v GERALDINE WOLFER et al., Appellants-Respondents. [651 NYS2d

782] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Erie County Court for further proceedings in accordance with the following Memorandum: Defendants appeal from a judgment that adjudged plaintiffs the owners in fee simple of a 20-foot-wide strip of land in the Town of Boston. They contend that County Court erred in concluding that the deed conveying a 13.21-acre parcel of land to plaintiffs' predecessor in title was ambiguous and that, upon considering extrinsic evidence, the conveyance included the strip of land at issue. We agree.

The deed conveying the 13.21-acre parcel to plaintiffs and all of the deeds in their chain of title contain the same description of plaintiffs' parcel. By its terms, the deed excludes the strip of land at issue. The northerly boundary of plaintiffs' conveyance is described as running, in part, "westerly on a line parallel with the north line of the Obrochta property[,] *said line being twenty feet south of lands conveyed to Clark Associates, Inc.* by deed recorded in Liber 4043 of Deeds at page 484, 1210.23 feet to the centerline of Cole Road; thence southerly along the center line of Cole Road 197.21 feet to the place of beginning" (emphasis added). The strip of land specifically excluded from plaintiffs' deed is the same parcel over which the original grantors conveyed "[a]n easement over land of the parties of the first part 20.0 feet wide along the south side". Thus, the deed unambiguously excludes that strip of land from the conveyance to plaintiffs' predecessors in title.

Real Property Law § 240 (3) provides in pertinent part that "[e]very instrument creating [or] transferring * * * an estate or interest in real property must be construed according to the intent of the parties, so far as such intent can be gathered from the whole instrument, and is consistent with the rules of law." The "intent" at issue is the objective intent of the parties manifested by the language of the deed; unless the deed is ambiguous, evidence of unexpressed, subjective intentions of the parties is irrelevant (2 New York Real Property Service § 20:68, at 78 [1987]). "It is only when language used in a conveyance 'is susceptible of more than one interpretation' that the courts will look into surrounding circumstances" (*Loch Sheldrake Assocs. v Evans,* 306 NY 297, 304; *see, Schweitzer v Heppner,* 212 AD2d 835, 838). Although a survey establishes discrepancies between measured distances and distances set forth in the deed that conveyed the 13.21-acre parcel to plaintiffs' predecessors, those discrepancies do not render the deed ambiguous. The fact that the frontage distance measures 22 feet less than the record distance does not create an ambi-

guity in an otherwise unambiguous deed. In our view, the language of the deed is not " 'susceptible of more than one interpretation' " (*Loch Sheldrake Assocs. v Evans, supra*, at 304).

The court properly determined that plaintiffs established neither title to the property by adverse possession nor prescriptive rights over the property. The record establishes that plaintiffs failed to prove the elements necessary to establish either of those claims (*see, Tubolino v Drake*, 178 AD2d 951; RPAPL 522; 2 Warren's Weed, New York Real Property, Adverse Possession, § 1.01 [4th ed]).

Thus, we modify the judgment by vacating the first five adjudicatory paragraphs and remit the matter to Erie County Court to grant judgment in accordance with RPAPL 1521. (Appeals from Judgment of Erie County Court, Drury, J.— RPAPL.) Present—Denman, P. J., Lawton, Fallon, Wesley and Balio, JJ.