■ WILLIAM D. FRITZ, Respondent, v PASQUALE J. JACUZZO et al., Appellants. [751 NYS2d 916] —Appeal from an order of Supreme Court, Chautauqua County (Gerace, J.), entered November 1, 2000, which, inter alia, granted plaintiff's motion for summary judgment in part.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by providing that the addendum to the deed dated June 17, 1992 did not extinguish plaintiff's obligation to "maintain, in a reasonable and proper manner," the gravel driveway extending 461 feet running from the southwest corner of the property purchased by plaintiff in 1990 toward New York State Route 394 and as modified the order is affirmed without costs.

Memorandum: Supreme Court properly granted plaintiff's motion for summary judgment in part, determining that defendants' easement was 30 feet in width and was located along the northwesterly boundary of plaintiff's property, as set forth in the applicable deeds. Contrary to defendants' contention, in interpreting the clear language of the applicable deeds the court properly refused to take into account extrinsic evidence concerning plaintiff's alleged "practical difficulties" in maintaining a roadway on the easement (*see generally Uihlein v Matthews*, 172 NY 154, 159-160; *Stroh & Sons v Batavia Homes & Dev. Corp.*, 17 AD2d 385, 388). We further conclude, however, that the court erred in determining that plaintiff's obligation to maintain the easement was entirely extinguished by the addendum to the deed dated June 17, 1992. By its terms, the addendum did not extinguish plaintiff's obligation to "maintain, in a reasonable and proper manner, the * * * gravel driveway" extending 461 feet running from the southwest corner of the property purchased by plaintiff in 1990 toward New York State Route 394 (*see generally Modrzynski v Wolfer*, 234 AD2d 901, 902-903). We therefore modify the order by providing that the addendum to the deed dated June 17, 1992 did not extinguish plaintiff's obligation to "maintain, in a reasonable and proper manner," that part of the easement. Present—Green, J.P., Hayes, Hurlbutt, Burns and Gorski, JJ.