■ JULIUS H. ROBINSON et al., Respondents, v AARON I. ROBINSON, Appellant. [784 NYS2d 170]—

Mercure, J.P. Appeal from an order of the Supreme Court (Clemente, J.), entered August 22, 2003 in Sullivan County, which, inter alia, denied defendant's cross motion for summary judgment dismissing the complaint.

This appeal involves a dispute between two brothers over a parcel of real property that is approximately 0.6 acres and borders the Delaware River in the Town of Highland, Sullivan County. Plaintiffs Julius H. Robinson and Linda J. Haring-Robinson, who are the owners of a canoe and camping business that has operated on the disputed parcel of land since 1980, received a deed to the parcel from John Muldowney in 2002. Defendant also received a deed in 1997 for a parcel of real property in the Town of Highland. Defendant's deed does not set forth a metes and bounds description of the property conveyed, nor does it specify the size of the lot. Nevertheless, after plaintiffs received their deed from Muldowney, defendant asserted that the northwest portion of his land included the disputed parcel.

Consequently, plaintiffs commenced the instant action claiming title by virtue of their deed and by adverse possession, and seeking to permanently enjoin defendant from interfering with their use of the property. Pursuant to CPLR 6501, plaintiffs filed a notice of pendency referencing the property deeded to defendant. Thereafter, plaintiffs moved for a preliminary injunction and were granted a temporary restraining order preventing defendant from entering the disputed property. In response, defendant cross-moved for summary judgment on his counterclaim for a permanent injunction or, in the alternative, for a preliminary injunction, cancellation of the notice of pendency and dismissal of the complaint. Supreme Court denied all of the motions and continued the temporary restraining order, modifying it to prevent defendant from interfering with plaintiffs' business operations on the disputed property. Defendant appeals, arguing that he conclusively demonstrated his ownership of the disputed parcel and that Supreme Court erred in denying his cross motion.

It is well established that a party seeking summary judgment "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Here, defendant did not meet his initial burden of demonstrating that no material issues of fact exist regarding ownership of the disputed parcel.

The deed upon which defendant's claim of ownership rests does not provide a metes and bounds description of the land conveyed. The 1997 Town tax map referenced by the deed describes the lot as being only 0.5 acres, instead of 3.6 acres as defendant claims, and a later tax map depicts the parcel as 1.2 acres. Notably, neither tax map shows defendant's lot as encompassing the disputed property. Although defendant did submit a survey supporting his claim of ownership and additional deeds that conflict with plaintiffs' deed and the tax map, we note that the survey is not certified, does not contain a description of the method used to determine the metes and bounds of defendant's property and is contradicted by an affidavit submitted by plaintiffs' expert. Under the circumstances, we cannot say that Supreme Court erred in denying either defendant's cross motion for summary judgment on his counterclaim for a permanent injunction or, given his failure to establish a probability of success on the merits, danger of irreparable injury or a balance of the equities in his favor, his request for a preliminary injunction (see Aetna Ins. Co. v Capasso, 75 NY2d 860, 862 [1990]; cf. Walsh v St. Mary's Church, 248 AD2d 792, 793 [1998]).

Further, plaintiffs submitted a deed to the disputed parcel from Muldowney, their expert's affidavit tracing title to the parcel and their own affidavits detailing the operation of their canoe and camping business on the disputed property. While defendant asserts that collateral estoppel precludes this action because plaintiffs' claim of adverse possession was dismissed in a 1987 decision issued in a prior action, that action involved a claim based on events occurring prior to 1983, whereas the instant case involves events that have transpired since 1987. Accordingly, the issues in this action are not identical to those that were resolved in the prior action and collateral estoppel is not a bar here (see Bansbach v Zinn, 1 NY3d 1, 10-11 [2003]; Ryan v New York Tel. Co., 62 NY2d 494, 500 [1984]). In light of the evidence submitted by plaintiffs, and defendant's failure to demonstrate prima facie that plaintiffs' claim of ownership is patently meritless, we conclude that defendant has not met his initial burden of showing that he is entitled to dismissal of the complaint.

Finally, we reject defendant's argument that he is entitled to modification of the notice of pendency to cover only a portion of the property conveyed to him in his 1997 deed (see Twaite v Buckhorn Estates, 84 AD2d 632, 632-633 [1981]). We agree with defendant, however, that the temporary restraining order expired following the hearing on plaintiffs' application for a pre-

liminary injunction (*see* CPLR 6301; *People v Asiatic Petroleum Corp.*, 45 AD2d 835, 836 [1974]).

We have considered defendant's remaining arguments and conclude that they are either unpreserved or lacking in merit.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as continued the temporary restraining order; temporary restraining order canceled; and, as so modified, affirmed.