■ PHYLLIS O'BRIEN et al., Appellants, v RICHARD BOCCHINO, Respondent. (Appeal No. 2.) [787 NYS2d 797]—

Appeal from a judgment of the Supreme Court, Onondaga County (Edward D. Carni, J.), entered January 23, 2004. The judgment was entered upon an order granting defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the complaint is reinstated.

Memorandum: Plaintiffs, two sisters, commenced this action against defendant, their brother, to force him to join them in conveying a strip of property to a third party. Plaintiffs contend that the three siblings gained title to the strip of property by intestate succession from their parents, while defendant contends that he gained sole ownership of the land by purchase. The parties' father received title to the strip of land along with another, noncontiguous piece of property from the same grantor in a single deed. He later conveyed the noncontiguous parcel to another person, who in turn conveyed it to defendant. Neither of the latter two deeds makes specific reference to the property at issue here, but defendant contends that title passed to him because the deeds contained language indicating that the parties intended to convey the same premises that were conveyed to the father in the first deed. Only the initial deed to the father contained a metes and bounds description of the property at issue here.

Supreme Court erred in granting defendant's motion for summary judgment. While the construction of a deed is generally a question of law for the court (*see Allen v Cross*, 64 AD2d 288, 291 [1978]), if there are conflicts or ambiguities in a deed then the matter may be referred for a trial to determine whether the deed was meant to include a particular piece of property (*see generally Towner v Jamison*, 98 AD2d 970 [1983]). At such a trial, parol evidence is admissible to show what land was intended to be conveyed by the deed (*cf. Modrzynski v Wolfer*, 234 AD2d 901, 902 [1996]). Defendant, as the party moving for summary judgment, had the initial burden of establishing that the deed included the parcel at issue (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The deeds in question contain detailed descriptions of the noncontiguous parcel that was conveyed, but made no reference to the strip of property at issue here. Defendant's reliance upon the "same premises" language in the second deed to establish that it was also intended to convey the strip of property to defendant's predecessor in interest, and similar language in the third deed to establish that the strip of property was transferred to defendant, is misplaced. Language in a deed that indicates that it is the intent of the parties to pass title to the same premises as was transferred by a prior deed will not operate to include a separate, noncontiguous parcel when the metes and bounds description in the later deed describes only a single parcel (*see Brand v Prince*, 43 AD2d 638, 639-640 [1973], *affd* 35 NY2d 634 [1974]). Defendant therefore failed to meet his initial burden on the motion for summary judgment (*see Robinson v Robinson*, 11 AD3d 853, 854 [2004]). Even if we were to conclude that he had met his burden, the evidence submitted in opposition to the motion, including the various deeds and a number of documents concerning the actions of the father after he executed the second deed and the actions of defendant after purchasing the property conveyed by the second and third deeds, raises an issue of fact whether the parties to the deeds intended to convey the strip of property at issue here along with the noncontiguous property (*see Alvarez*, 68 NY2d at 324; *57 Great Jones St. Assoc. v Andy Warhol Enters.*, 156 AD2d 132, 133 [1989]). We therefore reverse the order, deny the motion and reinstate the complaint. Present—Hurlbutt, J.P., Scudder, Kehoe, Smith and Hayes, JJ.