■ JEAN V. SPENCER et al., Respondents, v WILLIAM B. CONNOLLY et al., Appellants. [808 NYS2d 789]—

---

Carpinello, J. Appeal from an order of the Supreme Court (Nolan, Jr., J.), entered October 5, 2004 in Saratoga County, which, inter alia, granted plaintiffs' motion for summary judgment dismissing defendants' first counterclaim.

Defendants own a parcel of property that is near, but not directly on, Saratoga Lake in Saratoga County. They have an easement on the north side of their property that provides access to it and then runs east to the lake's shore. The current controversy centers on whether they also have a second easement from the south side of their property through plaintiffs' land along an inlet pond to a sandy beach on a different part of the lake.

Defendants purchased their .75-acre parcel from plaintiff Jean V. Spencer in 2001. The deed, drawing from language in earlier deeds, states in relevant part that the conveyance includes:

"the right of way to and from the premises hereby conveyed over all roads now constructed, including also a right of way to the shore of said Saratoga Lake, leading to what is known as 'the basin' of said Lake; including a right of way over the following described lands, viz:

"Beginning at the northwest corner of the Peterson Lot; thence northerly along the 16 feet wide right of way west of said lot to the northerly boundary of a right of way heretofore conveyed; thence easterly to the low water mark of the stone basin; thence about easterly along the low water mark of the stone basin to the northeast corner of the said Peterson Lot; thence westerly along the northerly line of said Peterson Lot to the place of beginning."

The parties agree that the first clause creates a 16-foot wide right-of-way to defendants' premises on the existing roads and that the last paragraph, which includes references to "the stone basin," describes an easement extending to the lake accessible from the north of defendants' property. However, defendants contend that the middle clause referencing a right-of-way to the shore leading to "the basin" (as opposed to the "stone basin") somehow reveals an intent to create a separate southern easement along an undefined path next to the inlet pond and then to the sandy beach.

Following the exchange of documents and certain stipulations, both parties made motions on a variety of issues. As is relevant to this appeal, Supreme Court granted plaintiffs' mo-

tion for summary judgment dismissing defendants' counterclaim in which they sought to establish the disputed easement. Defendants appeal, and we affirm.

Defendants argue that they submitted sufficient evidence to raise a factual issue as to whether they are entitled to the contested southern easement. We begin with the well-settled rule that the construction of a deed, including any easements set forth therein, is generally a question of law for the court, with extrinsic evidence being considered only if there are ambiguities (*see Montfort v Benedict*, 199 AD2d 923, 925-926 [1993]; *see also O'Brien v Bocchino*, 13 AD3d 1055, 1056 [2004]; *Webster v Ragona*, 7 AD3d 850, 853-854 [2004]; *Valley View Gardens of Monsey, N.Y., Section II v Valley View Gardens*, 188 AD2d 804, 806 [1992]). Further, the language creating an easement should be "plain and direct" (*Wilcox v Reals*, 178 AD2d 885, 885 [1991]; *see* 5 Warren's Weed, New York Real Property, Easements § 40.17 [5th ed] ["Words creating an easement should be certain in their effect"]).

We find it untenable that a party intending to establish a separate easement to the south would use only an oblique reference to a "basin" when there is also language in the document for an easement that goes to the north and similarly references a "stone basin." A minimal effort to reflect an intent to create a different easement would have included some expression indicating that this was a "separate" or "distinct" right-of-way, or at least plain and direct language that a different basin was being contemplated. Further, there are obvious landmarks along the purported easement—the inlet pond and the sandy beach—which, if noted even cursorily in the description, would have easily and clearly reflected at least an intent to create a southern easement.

Moreover, a 1937 survey of the entire area (referenced in defendants' deed) clearly indicates that the 16-foot wide right-of-way, which provides access to and abuts the northerly boundary line of defendants' parcel, also continues past defendants' parcel and toward the lake. Significantly, the legal description in defendants' deed which references the "stone basin" provides access to the lake adjacent to the 16-foot wide roadway. Thus, it is clear that the grantor intended to convey the right to a 16-foot wide right-of-way providing access to defendants' property and "leading" to the lake, as well as a specifically defined right-of-way to the lake over a separate parcel which abutted the 16-foot right-of-way. Since the language defining the easement rights is clear, Supreme Court properly granted summary judgment to plaintiffs.

Mercure, J.P., Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs.