■ Michael A. Prego et al., Appellants, v David Gutchess, Defendant, and Toan T. Helmer, Respondent. [877 NYS2d 554]—

Appeal from an order of the Supreme Court, Onondaga County (John C. Cherundolo, A.J.), entered August 1, 2008. The order, insofar as appealed from, denied the motion of plaintiffs for summary judgment and granted the cross motion of defendant Toan T. Helmer for leave to amend her answer.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking, inter alia, a determination that they have an easement over or contiguous to a parcel owned by defendant David Gutchess and a separate parcel owned by Toan T. Helmer (defendant). As limited by their brief, plaintiffs appeal from an order insofar as it denied that part of their motion for summary judgment on the complaint and granted the cross motion of defendant for leave to amend her answer. We affirm.

With respect to plaintiffs' motion, plaintiffs failed to meet their initial burden of establishing that the relevant deeds included the easement at issue (*see O'Brien v Bocchino*, 13 AD3d 1055, 1056 [2004]). "Generally, 'a deed conveyed by a common grantor to a dominant landowner does *not* form part of the chain of title to the servient land retained by the common grantor' . . . Thus, an owner of a servient estate will be bound only if the encumbrance is recorded in his or her chain of title" (*Russell v Perrone*, 301 AD2d 835, 836 [2003], *amended* 1 AD3d 789 [2003]). Furthermore, "[i]t is not enough if the encumbrance is recorded in the chain of title of the dominant estate; it *must* be found in the servient estate's chain of title for that landowner to be bound" (*Puchalski v Wedemeyer*, 185 AD2d 563, 565 [1992]). Here, plaintiffs failed to establish that the purported easement was recorded in the chains of title of defendants' servient estates and that the easement in plaintiffs' deed accurately reflected the original easement as set forth in the deed that created the easement.

Contrary to the further contention of plaintiffs, Supreme Court did not abuse its discretion in granting the cross motion of defendant for leave to amend her answer. "Generally, [l]eave to amend a pleading should be freely granted in the absence of prejudice to the nonmoving party where the amendment is not patently lacking in merit" (*Anderson v Nottingham Vil. Homeowner's Assn., Inc.*, 37 AD3d 1195, 1198 [2007], *amended on rearg* 41 AD3d 1324 [2007] [internal quotation marks omitted]; *see* CPLR 3025 [b]). The evidence submitted by defendant

in support of the cross motion established that her proposed additional defense that the easement was extinguished by adverse possession was not patently without merit (*see generally Spiegel v Ferraro*, 73 NY2d 622, 625-626 [1989]; *Koudellou v Sakalis*, 29 AD3d 640, 641 [2006]; *Zeledon v MacGillivray*, 263 AD2d 904, 905 [1999]), and plaintiffs failed to identify any prejudice arising from the proposed amendment. Present—Martoche, J.P., Smith, Centra, Fahey and Pine, JJ.