Matter of 4042 E. Tremont Café Corp. v Sodono (2019 NY Slip Op 08163)





Matter of 4042 E. Tremont Café Corp. v Sodono


2019 NY Slip Op 08163


Decided on November 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2019

Gische, J.P., Tom, Kapnick, Kern, Moulton, JJ.


301469/08 -260677/16 10306N 260292/17 10305N 10304

[*1] In re 4042 East Tremont Café Corp., Assignor-Appellant,
v
Anthony Sodono, III, Assignee-Appellant. 
Tosca Café, Inc. et al., Nonparty Appellants.
In re Frank Berisha, Petitioner-Respondent,
v
4042 East Tremont Café Corp., doing business as Tosca Café, etc., et al., Respondents-Appellants. 
Frank Berisha, Plaintiff-Respondent,
Maria Berisha, Plaintiff,
v
Tosca Café, Inc., et al., Defendants-Appellants, 
4042 East Tremont Café Corp., Nonparty Appellant.


Pollack, Pollack, Isaac & DeCicco LLP, New York (Brian J. Isaac of counsel), for 4042 East Tremont Café Corp., appellant.
McElroy, Deutsch, Mulvaney & Carpenter, LLP, New York (Nicholas K. Lagemann of counsel), for Anthony Sodono, III, appellant.
Kenneth J. Gorman, New York, for Tosca Café Inc., Tosca Coal Burning Oven Inc. and Hasim "Eddie" Sujak, appellants.
Bernard D'Orazio & Associates, P.C., New York (Bernard D'Orazio of counsel), for respondent.



Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered on or about February 8, 2018, in index no. 301469/08, which denied the motions by defendants Tosca Café, [*2]Inc. and Tosca Coal Burning Oven Inc. (Tosca Coal) and nonparty 4042 East Tremont Café Corp. (4042 East Tremont) to vacate a judgment entered on or about August 12, 2013 against Tosca Café, Inc. and Tosca Coal (the Tosca corporations) pursuant to CPLR 5015(a)(3), unanimously affirmed, without costs. Order, same court (Howard H. Sherman, J.), entered on or about April 19, 2018, in index no. 260677/16, which, upon petitioner's motion, inter alia, set aside the transfers of the assets, property, and business of the Tosca Café to Tosca Coal and 4042 East Tremont, granted petitioner leave to attach or levy execution upon the same, granted petitioner's application for attorneys' fees and costs as against respondent Hasim "Eddie" Sujak and referred the amount to a referee, and appointed nonparty Bernard D'Orazio as the receiver of the business, assets, property, and income of the Tosca Café, unanimously modified, on the law, to delete the setting aside of the transfer of the assets, property, and business of the Tosca Café to 4042 East Tremont and the grant of leave to petitioner to attach or levy execution upon the assets, property, and business of the Tosca Café, without prejudice to his amending the petition to add allegations pertaining to alter ego liability, and to delete the grant of petitioner's application for attorneys' fees and costs against Sujak, without prejudice to petitioner's amending the petition to try to pierce the corporate veil and/or add allegations that Sujak aided and abetted the fraudulent conveyances, and otherwise affirmed, without costs. Tosca Coal's appeal from said order unanimously dismissed, without costs. Order, same court and Justice, in index no. 260292/17, which denied the assignee's petition to commence an assignment for the benefit of 4042 East Tremont's creditors, granted creditor Frank Berisha's cross motion to dismiss the proceeding, and severed Berisha's claim for costs and sanctions and referred it to a referee, unanimously modified, on the law and the facts and in the exercise of discretion, to deny Berisha's motion as to sanctions, and otherwise affirmed, without costs.
Supreme Court providently exercised its discretion in denying the Tosca corporations' and 4042 East Tremont's 2017 motions to vacate the August 2013 judgment against the Tosca corporations pursuant to CPLR 5015(a)(3) on the ground that they were not made within a reasonable time after discovering the alleged fraud (see Nash v Port Auth. of N.Y. & N.J., 22 NY3d 220, 225 [2013]; Mark v Lenfest, 80 AD3d 426 [1st Dept 2011]).
More fundamentally, plaintiff Frank Berisha "did not obtain the default judgment through fraud or through any other wrongdoing" (Amalgamated Bank v Helsmley-Spear, Inc., 109 AD3d 418, 419 [1st Dept 2013], affd on other grounds 25 NY3d 1098 [2015]). Rather, the August 2013 judgment resulted from the Tosca corporations' decisions not to pay their first lawyer and not to obtain new counsel in time for the trial (see id. at 419-420). By defaulting, the Tosca corporations admitted liability (see e.g. Brown v Rosedale Nurseries, 259 AD2d 256, 257 [1st Dept 1999]). Therefore, Berisha's testimony about the incident in which he was injured was unnecessary to establish liability (compare Oppenheimer v Westcott, 47 NY2d 595 [1979] [default judgment vacated where the plaintiff testified falsely about damages]).
Tosca Coal's appeal from the April 2018 order is dismissed because Tosca Coal defaulted in Supreme Court (see CPLR 5511; Citibank, N.A. v Kallman, 172 AD3d 489 [1st Dept 2019]). Because both of the Tosca corporations are judgment debtors, it does not matter — except for the issue of attorneys' fees, which will be discussed below — if the transfer of the Tosca Café from Tosca Café, Inc. to Tosca Coal in 2006 was fraudulent. Rather, as Supreme Court recognized, the key is whether there was a fraudulent conveyance from a judgment debtor to 4042 East Tremont.
Under the current allegations of the petition, there was no conveyance from either judgment debtor to 4042 East Tremont. Although 4042 East Tremont entered into a lease with nonparty Tremont Realty LLC for the same space that Tremont Realty had previously rented to Tosca Coal, the lease was not an asset that created a substantial income for Tosca Coal (see Mutual Life Ins. Co. of N.Y. v 160 E. Seventy-Second St. Corp. (49 NYS2d 927 [Sup Ct, NY County 1944]). On the contrary, it created a liability for Tosca Coal — Tosca Coal had to pay substantial rent to Tremont Realty.
Although respondent Sujak conveyed the fixtures, and perhaps the goodwill, of the Tosca Café to respondent Adis Radoncic in exchange for a promissory note, to deem this a conveyance from Tosca Coal or Tosca Café, Inc. to 4042 East Tremont would require piercing the corporate [*3]veil twice: to find that Sujak is the same as Tosca Coal or Tosca Café, Inc. and to find that Radoncic is the same as 4042 East Tremont. However, Berisha makes very clear on appeal that he is not relying on veil-piercing.
The award of attorneys' fees against Sujak pursuant to Debtor and Creditor Law § 276-a cannot stand. First, as indicated, the 2013 transactions involving 4042 East Tremont did not constitute fraudulent conveyances, at least under the current allegations of the petition. Second, the 2006 transaction between the Tosca corporations was not fraudulent as to Berisha, who was not injured until 2008 (see Carlyle, LLC v Quik Park 1633 Garage LLC, 160 AD3d 476, 477 [1st Dept 2018]; Huntington v Kneeland, 102 App Div 284, 286 [2d Dept 1905], affd 187 NY 563 [1907]). Third, even if a fraudulent transfer occurred, Sujak is neither a debtor nor a transferee. Hence, he "cannot be held liable without piercing the corporate veil unless [he] benefited from the conveyances" (D'Mel & Assoc. v Athco, Inc., 105 AD3d 451, 452 [1st Dept 2013]).
Sujak did not benefit from Radoncic's promissory note, because Radoncic made no payments thereunder. Although Tremont Realty LLC, of which Sujak is a member, received rent payments from 4042 East Tremont, Sujak is not the same as the LLC, and it is not clear that the receipt of rent would constitute a benefit from the conveyance (see id. at 452-453 ["receipt of a salary from the transferee corporation as an officer of the corporation is not sufficient to render the officer a transferee or beneficiary of the transfer"] [internal quotation marks omitted]).
Supreme Court providently exercised its discretion in appointing nonparty Bernard D'Orazio as a receiver pursuant to CPLR 5228(a) (see Hotel 71 Mezz Lender LLC v Falor, 14 NY3d 303, 317 [2010]). The judgment that Berisha obtained against the Tosca corporations more than six years ago remains unsatisfied. The appointment of a receiver who is unrelated to Sujak will increase the likelihood that the judgment will be satisfied. Moreover, there is a "risk of fraud or insolvency if a receiver is not appointed" (id. [internal quotation marks omitted]). Even if the requirements for a fraudulent conveyance have not been satisfied, the transactions involving 4042 East Tremont are suspicious. As for insolvency, the Tosca corporations and 4042 East Tremont have all filed for bankruptcy (the proceedings were dismissed) and have all made assignments for the benefit of creditors (ABCs).
The Tosca corporations and 4042 East Tremont's argument in opposition to the appointment of the receiver based on the law of the case doctrine is unavailing (see Kleinser v Astarita, 61 AD3d 597 [1st Dept 2009]).
The assignment for the benefit of 4042 East Tremont's creditors (index no. 260292/17) should not be dismissed on the ground that it violated the temporary restraining order in index no. 260677/16, because the TRO was issued in the absence of a motion for a preliminary injunction (see CPLR 6301; People v Asiatic Petroleum Corp., 45 AD2d 835, 836 [1st Dept 1974]). However, we affirm the dismissal on the alternate ground that, as Supreme Court said, the order appointing the receiver divested 4042 East Tremont of the property that is the subject of the ABC proceeding.
The part of the order entered in index no. 260292/17 that addresses Berisha's claim for costs and sanctions is ambiguous, saying both that the claim is referred to a Referee to hear and report with recommendations and that an order of reference will be issued separately. An order of reference is appealable (General Elec. Co. v Rabin, 177 AD2d 354, 356 [1st Dept 1991]). To the extent this order is not appealable, we grant leave to appeal in the interest of judicial economy (see Serradilla v Lords Corp., 12 AD3d 279 [1st Dept 2004]) and in the interest of justice (see Matter of Britt v City of New York, 160 AD3d 524 [1st Dept 2018]).
To the extent Supreme Court found or implied that the assignor, the assignee, Radoncic, and their counsel engaged in sanctionable behavior, this was an improvident exercise of discretion (see generally Gordon Group Invs., LLC v Kugler, 127
AD3d 592, 594 [1st Dept 2015]). We do not find that 4042 East Tremont's ABC proceeding was commenced in blatant disregard of the TRO.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 12, 2019
CLERK