*964 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, judgment granted declaring that plaintiffs have no easement over defendant’s property, and the complaint otherwise dismissed.
Plaintiff Willow Tex, Inc. and defendant George Dimacopoulos are adjoining landowners, the southern boundary of plaintiff’s property (parcel No. 1) running along the northern boundary of defendant’s (parcel No. 2). Located on parcel No. 1 is a factory building extending to the common boundary, with two sets of fire doors at the boundary line. Use of those doors to reach the public road requires passage through an alley and driveway on parcel No. 2. While defendant purchased his parcel in 1976 and plaintiff purchased its parcel in 1980, the present controversy did not erupt until some time later, when plaintiff’s tenant first tried to use the fire doors to gain access to the outside of the building and the public road. Defendant responded by placing a metal bar across one set of doors and thereafter by erecting a wooden fence four inches from them to preclude their use. After plaintiff’s tenant received a summons from the fire department for operating the factory without usable fire doors, plaintiff and its tenant commenced this action seeking damages for trespass and declaration of an easement across parcel No. 2, pleading that there was an easement by implied grant and by prescription; they were subsequently permitted to add a cause of action for an easement by way of necessity.
After a nonjury trial, the court sua sponte amended the pleadings to conform to the proof, and decreed that parcel No. 2 was subject to an easement created by express grant. The decision rested on the fact that in 1966, when parcel No. 2 was owned by I. Abner Davis and parcel No. 1 was leased to his company (Sida Realty Corp.), Davis joined in Sida’s application for a certificate of occupancy for the parcel No. 1 factory building, in which the parties proposed "to legalize cellar and 1st floor exits as shown on amended plans filed herewith” — which included the fire doors. The trial court further ordered defendant to keep the gate at the end of his driveway unlocked from 7:00 a.m. to 9:00 p.m. each day to permit plaintiffs unrestricted egress to the street. Upon cross *965 appeals, the Appellate Division unanimously modified the judgment by ordering defendant to keep the driveway gate unlocked at all times.
The only issue raised by defendant on his appeal as of right from the Appellate Division modification is whether the court erred in concluding that there was an easement by express grant. Defendant prevailed on the additional issues decided below, and thus is not aggrieved by those rulings.
To create an easement by express grant there must be a writing containing plain and direct language evincing the grantor’s intent to create a right in the nature of an easement rather than a revocable license (Clark v Devoe, 124 NY 120, 126). The writing must establish unequivocally the grantor’s intent to give for all time to come a use of the servient estate to the dominant estate. The policy of the law favoring unrestricted use of realty requires that where there is any ambiguity as to the permanence of the restriction to be imposed on the servient estate, the right of use should be deemed a license, revocable at will by the grantor, rather than an easement (see, Huggins v Castle Estates, 36 NY2d 427, 430; see also, Crosdale v Lanigan, 129 NY 604, 610). Here, the jointly sought certificate of occupancy, allegedly the source of the easement by express grant, benefited Davis’ own corporation. Although Davis exhibited the intent to permit his corporation to use his driveway for emergency egress, it cannot be inferred that Davis also thereby intended to grant this right to travel across his land to future tenants of parcel No. 1. By joining in Sida’s application for a certificate of occupancy, Davis at most created a license that terminated upon his transfer of parcel No. 2, not an easement (see, Trustees of Freeholders & Commonality v Jessup, 162 NY 122, 126).
The only additional argument raised by plaintiff in this court, in support of affirmance of the Appellate Division order, is that an easement arose by implied grant. For the reasons stated by the trial court (120 Misc 2d 8, 11-12), we agree that this contention is without merit.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur in memorandum.
Order reversed, etc.