■ TRUSTCO BANK NEW YORK, Respondent, v S/N PRECISION ENTERPRISES, INC., et al., Appellants. [650 NYS2d 846] —Mikoll, J. Appeal from an order of the Supreme Court (Lynch, J.), entered June 27, 1995 in Schenectady County, which, *inter alia*, partially granted plaintiff's motion for partial summary judgment on the issue of liability.

In December 1984, Kubar Bearings, Inc. obtained a $3,000,000 loan from Home & City Savings Bank. The loan was secured by a leasehold in real property located at 300 Jordan Road in the Town of North Greenbush, Rensselaer County. Kubar filed for bankruptcy in October 1986 and defaulted on the loan with Home & City. On July 19, 1989, Home & City commenced a foreclosure action on the property in Supreme Court. In December 1990, Bankruptcy Court authorized the sale of all of Kubar's assets to defendant S/N Precision Enterprises, Inc. (hereinafter S/N). In September 1991, plaintiff merged with Home & City succeeding to its rights, titles and interests.

On December 14, 1992, a receiver was appointed in the foreclosure action against Kubar involving the property. The receiver commenced a proceeding on March 27, 1993 in Town Justice Court against S/N to recover possession of the property, which ultimately resulted in the issuance of a warrant of eviction in July 1993. Enforcement of the warrant was stayed pending transfer of the title from the foreclosure sale scheduled for August 13, 1993. S/N appealed this warrant of eviction.

On August 20, 1993, plaintiff, having purchased the lease of the property at the Kubar foreclosure sale, commenced an action pursuant to RPAPL 221 seeking possession of the property and requesting an order directing the Sheriff to evict S/N through a writ of assistance. However, on August 23, 1993, S/N and the receiver entered into a stipulation wherein S/N agreed, *inter alia*, to pay the receiver $20,000 as rent for the month of September 1993, which was to be forwarded to plaintiff, and to withdraw its appeal of the warrant of eviction. Further, S/N was given permission to remain on the property until October 1, 1993, at which time S/N was to vacate and relinquish possession to plaintiff, the fee owner. Based on the stipulation, plaintiff agreed to adjournment of the writ of assistance proceedings until October 4, 1993.

Upon S/N's failure to vacate the property by October 1, 1993, plaintiff reinstated its action for a writ of assistance. Supreme Court ruled, on December 17, 1993, that S/N was bound by the stipulation to vacate and ordered S/N to vacate the premises by January 20, 1994.

Plaintiff commenced the instant action containing 10 causes of action on October 21, 1993 against S/N and defendants Augustine Sperrazza (hereinafter Sperrazza) and Eugenia Sperrazza, individually and as officers of S/N, to recover damages sustained as a result of S/N's failure to vacate the property. Plaintiff moved for partial summary judgment on the issue of liability against defendants; S/N and Sperrazza cross-moved for an order compelling discovery. Eugenia Sperrazza cross-moved for summary judgment with respect to the causes of actions against her (the sixth, seventh, eighth and ninth causes of action). Supreme Court granted plaintiff's motion for partial summary judgment on the first, third, fourth, fifth and sixth causes of action. The court dismissed the second cause of action against S/N and granted Eugenia Sperrazza's cross motion to the extent of dismissing the eighth cause of action. The court did not decide the cross motion of S/N and Sperrazza to compel discovery in light of its disposition of the parties' motions. This appeal by defendants ensued.

Defendants' argument that plaintiff cannot enforce the terms of the stipulation because plaintiff was not a third-party beneficiary to the stipulation is without merit. "A stipulation is a contract between the parties and is, therefore, governed by the principles of contract law for interpretation and effect" (*Matter of Caruso v Ward*, 146 AD2d 22, 29). S/N and the receiver were parties to the stipulation in question and plaintiff, although not a party to the proceeding, was an intended third-party ben-

eficiary of the promised performance (*see, Port Chester Elec. Constr. Corp. v Atlas*, 40 NY2d 652, 655-656). The stipulation recognized that plaintiff was the owner in fee of the property and was involved in the negotiation of the stipulation, which provided that all proceedings, including plaintiff's own proceeding against S/N to vacate the property, be withdrawn or adjourned.

Further, the parties agreed that any payments made by defendants would be made to the receiver who would then forward them to plaintiff. Defendants were aware that possession of the property was to be turned over to plaintiff by October 3, 1993, that the receiver had been appointed on behalf of plaintiff and that plaintiff permitted defendants to remain on the property until October 1, 1993. Thus, the circumstances indicate that plaintiff's reliance on the promise was both reasonable and probable (*see, Fourth Ocean Putnam Corp. v Interstate Wrecking Co.*, 66 NY2d 38, 44). Accordingly, plaintiff, as a third-party beneficiary of the stipulation, has standing to enforce the stipulation.

The claim by S/N and Sperrazza that Supreme Court improperly granted summary judgment to plaintiff on the fourth cause of action, alleging unjust enrichment, is meritorious. Whether unjust enrichment occurred depends on all of the surrounding circumstances. Our review of the record reveals that plaintiff was not entitled to an award for unjust enrichment, as the stipulation constitutes a valid and enforceable contract (*see, Matter of Caruso v Ward*, 146 AD2d 22, 29, *supra*) and recovery in quasi contract is therefore prohibited (*see, Mariacher Contr. Co. v Kirst Constr.*, 187 AD2d 986, 987; *see also*, 22A NY Jur 2d, Contracts, § 512, at 227). Recovery in quasi contract is ordinarily precluded where the events that establish the quasi contract arise out of the same subject matter as the valid enforceable contract (*see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.*, 70 NY2d 382, 388). The fourth cause of action for unjust enrichment should therefore be dismissed.

Without merit, however, is the claim by S/N and Sperrazza that Supreme Court erred in granting summary judgment to plaintiff on the fifth cause of action alleging trespass. There was no question of fact concerning whether S/N was trespassing, i.e., wrongfully using plaintiff's property without consent (*see, Granchelli v Johnson Bldg. Co.*, 85 AD2d 891). S/N and Sperrazza were aware that S/N was to evacuate the property by October 1, 1993, which it did not do. S/N's continued unauthorized use of the property was intentional and there was no justification for its conduct in remaining on the property. Thus,

the court's finding of trespass pertaining to the fifth cause of action should not be disturbed.

Sperrazza's contention that Supreme Court erroneously granted summary judgment against him individually has merit. An officer of a corporation is normally not liable for the negligence of the corporation unless he or she participated in a tort committed by the corporation (*see, Clark v Pine Hill Homes*, 112 AD2d 755). The burden of showing the need to pierce the corporate veil is on the plaintiff (*see, Maggio v Becca Constr. Co.*, 229 AD2d 426, 427).

Sperrazza was not named individually in the proceeding brought by the receiver. There is insufficient proof to hold Sperrazza personally liable (*cf., Katz v New York Tint Taxi Corp.*, 213 AD2d 599, 600). Mere allegations are not sufficient to hold a corporate officer personally liable (*supra; Bonanni v Straight Arrow Publs.*, 133 AD2d 585, 587). Plaintiff's allegations that Sperrazza never intended to comply with the stipulation lacks evidentiary support. There is no showing of fraud or misrepresentation on Sperrazza's part in entering into the stipulation on behalf of S/N. Based on Sperrazza's averments, however, there is a question of fact as to whether the decision to remain on the property was in order to continue the operation of S/N or for Sperrazza's personal benefit. Construing the facts in a light most favorable to Sperrazza, without further discovery or inquiry (*see, Coldwell Banker Residential Real Estate v Berner*, 202 AD2d 949, 950), a question of fact exists as to whether Sperrazza was acting for personal benefit or in his corporate capacity. Thus, the order granting summary judgment against Sperrazza individually was improper.

Eugenia Sperrazza's argument that her motion for summary judgment was improperly denied as to all of the causes of action against her, both individually and as an officer of S/N, has merit. Eugenia Sperrazza correctly argues that there is no question of fact as to her individual liability.

Plaintiff claims that, *inter alia*, Eugenia Sperrazza committed misrepresentation and fraud in representing that the property would be vacated by October 1, 1993 and that, in light of her position as secretary of S/N, she supervised and participated in the conduct which damaged plaintiff; this claim is not supported by any evidence. Eugenia Sperrazza averred that she was not a director or shareholder of S/N and had no authority to, nor did she ever, make executive management decisions for S/N. She was not named as a party to the proceedings resulting in the stipulation and there is no showing that she was in any way involved in those proceedings. There is no

evidence indicating how or when she exercised any direction or control over S/N. Further, claims for fraud and negligent misrepresentation are generally excluded in an action based on a breach of contract claim (see, *RKB Enters. v Ernst & Young*, 182 AD2d 971, 972).

Plaintiff's allegations, that Eugenia Sperrazza is liable because she was present at some court proceedings, was aware of Sperrazza's conduct and condoned his alleged wrongful acts by her silence, are insufficient to defeat her summary judgment motion. These averments are speculative, conclusory and lacking in evidentiary support. As plaintiff has failed to set forth any proof raising a question of material fact as to her capacity as a corporate officer, it has failed to meet its initial burden of proof for summary judgment (see, *Murphy v County of Westchester*, 228 AD2d 970, 971).

Cardona, P. J., Mercure, Crew III and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially denied defendant Eugenia Sperrazza's cross motion and granted plaintiff's motion as to the fourth cause of action and the sixth cause of action against defendants Augustine Sperrazza and Eugenia Sperrazza individually; grant summary judgment dismissing the fourth cause of action and all causes of action against Eugenia Sperrazza; and, as so modified, affirmed.