■ KERRYVILLE PROPERTIES, INC., Respondent, v CHARLES P. BUVIS et al., Appellants. [658 NYS2d 544] —Mercure, J. Appeal from an order and judgment of the Supreme Court (Mugglin, J.), entered June 28, 1996 in Delaware County, upon a decision of the court in favor of plaintiff.

Plaintiff and defendants own adjoining tracts of rugged, mountainous forest land in the Town of Hancock, Delaware County. Plaintiff's property, purchased in 1985, lies to the north of defendants' property and is serviced by City Brook Road, a public highway passing near or through the extreme easterly portion of plaintiff's property. Shortly after acquiring the property, plaintiff subdivided it into 75 large parcels (ranging in area from 5 acres to over 50 acres) and undertook to construct roads, including St. Luke's Drive and Kierstad Road, which, in combination, begin at City Brook Road, wind over the property for thousands of feet and ultimately terminate at a cul-de-sac near the extreme southwesterly corner of the property in the vicinity of Snake Creek Road.

Defendants' property, which they purchased in 1986, is not serviced by any public road. Originally, defendants accessed their property by traveling over the lands of a neighbor to the west. However, in 1987 that access became unavailable to defendants, who then contacted plaintiff in an effort to arrange for access over its property. From 1989 to 1991, plaintiff authorized defendants to utilize St. Luke's Drive and Kierstad Road for access to their property but that license was withdrawn when defendants advised plaintiff that, because their deed granted them the right and privilege to cross plaintiff's property, they did not need plaintiff's permission. Subsequently, defendants continued to pass over plaintiff's property and in fact utilized earth-moving equipment to open up a roadway over plaintiff's property from the terminus of Kierstad Road.

Plaintiff responded with this RPAPL article 15 proceeding seeking a determination of the parties' respective rights, an injunction against future trespasses and damages for defendants' past trespass. Following joinder of issue and a substitution of counsel for defendants, defendants moved for summary judgment or, as an alternative, an order striking the note of issue and granting leave to serve an amended answer. Plaintiff cross-moved for summary judgment. Supreme Court denied both motions, and the matter came on for trial before the court. Rejecting defendants' claims of an express easement or an easement by prescription, Supreme Court rendered a verdict in favor of plaintiff granting, *inter alia*, money damages of $25,000 for defendants' trespass. Defendants appeal.

We affirm. Initially, we reject the contention that Supreme Court erred in its determination that defendants had no express easement over plaintiff's property. At trial plaintiff produced Gary Packer, a licensed land surveyor, as an expert witness. According to Packer's testimony, his methodology was to diligently search the records on file in the Delaware County Clerk's office and, to a lesser extent, the Hancock Town Clerk's office for any deeded rights-of-way affecting defendants' property. The only express easement he found was the one forming the basis for defendants' claim, which originated in a February 12, 1895 deed from Crary & Babcock (apparently a partnership of Thomas Crary and John Babcock) to John T. Lakin granting: "the right and privilege to use a certain road extending from the city brook highway across the property known as the Smith Tyler property * * * for any purposes, to get to or from [the grantee's lands] which are back of said lands of [the grantor] * * * which road is now used and located as a road."

In order to assess the effect of the right-of-way, Packer plotted plaintiff's property, defendants' property and all relevant conveyances in or affecting the chain of title of either on a color-coded map, extensively referenced at trial and received in evidence as plaintiff's exhibit 17. With the properties so laid out, accompanied by the actual deeds of conveyance for reference and support, Packer was able to illustrate the basis for his professional opinion that, at the time of Crary & Babcock's 1895 grant, that entity had no interest in the property currently owned by plaintiff (outlined in yellow on exhibit 17). Packer also supported that opinion with testimony concerning his physical observations of the property during his survey operation, conducted over a period of several months in 1986. Notably, Packer's testimony was that in 1986 no roadway existed over plaintiff's property to defendants' property. In ad-

dition, Packer was able to point to an earlier survey, prepared in 1974, which also showed no access road between the two properties.

Having cross-examined Packer only briefly and presented no expert testimony to contradict his findings or opinion, defendants now contend that his testimony was incredible and should have been rejected in its entirety. We disagree. In a nonjury case, we will give substantial deference to the trial court's assessment of credibility issues (*see, J & J Structures v Callanan Indus.*, 215 AD2d 890, 891, *lv denied* 86 NY2d 708), and the various conclusory allegations advanced in support of defendants' contention do not persuade us to do otherwise. In fact, defendants' primary assertion in support of their claim of error, i.e., that Crary & Babcock acquired the property assertedly burdened by the subject right-of-way in 1898, is unavailing in the absence of evidence that they owned the property at the time of their 1895 grant to Lakin. Fundamentally, "an easement can be created only by one who has title to, or an estate in, the servient tenement. A person having no title or estate whatever cannot create an easement" (5 Warren's Weed, New York Real Property, Easements, § 3.01 [4th ed]). Even more to the point, "[t]he fact that a person attempting to impose an easement may intend to acquire title subsequently, and in fact does so, makes no difference" (5 Warren's Weed, New York Real Property, Easements, § 3.01 [4th ed]).

We are also unpersuaded that the trial evidence mandated a finding that defendants and their predecessors obtained an easement by prescription. Defendants' evidence as to the occasional use of various old logging trails over plaintiff's property came far short of the required showing, by clear and convincing evidence, of adverse, open and notorious, continuous and uninterrupted use for the 10-year prescriptive period (*see, Alexy v Salvador*, 217 AD2d 877, 879).

Defendants' remaining contentions have been considered and found similarly unavailing.

Cardona, P. J., Crew III, White and Carpinello, JJ., concur. Ordered that the order and judgment is affirmed, with costs.