◼ Donald Stergas, Respondent, v Robert J. Hickey, Sr., Appellant, et al., Defendant. [666 NYS2d 269] —Mercure, J. Appeal from a judgment of the Supreme Court (Ingraham, J.), entered February 16, 1996 in Otsego County, upon a decision of the court in favor of plaintiff.

In May 1991, plaintiff leased an unimproved parcel of real property from defendant Robert J. Hickey, Sr. (hereinafter defendant) for a period of three years commencing on May 1, 1991. Plaintiff made some site improvements, including installation of three poles and entrance boxes in order to supply electricity to the site, installation of a septic tank, leach field and water pipe and the application of some fill, and placed a mobile home, financed through Central National Bank, on the property. In September 1991, plaintiff and defendant entered into a partnership for the sale of mobile homes; they operated the partnership until November 1993, when plaintiff moved to Florida. Defendant gave plaintiff notice of his termination of the lease and of the partnership effective as of November 1, 1993. Defendant thereafter retook possession of the realty and, ultimately, plaintiff's mobile home was removed from the property and sold at a foreclosure sale for $16,500. Plaintiff commenced this action to recover, *inter alia*, the value of his one-half interest in the partnership (first cause of action) and for the value of his mobile home and the improvements he made to the leased property (third cause of action). Following a non-jury trial, Supreme Court awarded plaintiff damages of $8,989 on the first cause of action, constituting net unpaid partnership income for 1992 and 1993, and $5,000 plus $1,882.50 in interest, costs and disbursements on the third cause of action. Defendant appeals.

Initially, we are not persuaded to disturb Supreme Court's assessment of damages on plaintiff's first cause of action. In our view, Supreme Court was entitled to rely on the partner-

ship tax returns for 1992 and 1993 as evidence of the partnership's net income for those years but to reject the 1993 return's representation concerning the amounts allegedly withdrawn by plaintiff. In fact, as noted in Supreme Court's decision, defendant's own handwritten accounts showed plaintiff's draws for 1993 to have totaled only $4,600 and not the $17,093 reflected in the 1993 partnership return, prepared following plaintiff's withdrawal from the partnership. In addition, as trier of fact, Supreme Court was in the best position to determine the sharp credibility issue created by the parties' conflicting testimony concerning the purpose for certain checks that plaintiff was established to have drawn on the partnership account (*see, Kerryville Props. v Buvis*, 240 AD2d 898, 900; *J & J Structures v Callanan Indus.*, 215 AD2d 890, 891, *lv denied* 86 NY2d 708; *Matter of Zielinski*, 208 AD2d 275, 277, *lv dismissed* 87 NY2d 944).

We agree with defendant, however, that Supreme Court erred in its assessment of damages on plaintiff's third cause of action. The sole evidence of the cost of plaintiff's site improvements consisted of plaintiff's testimony that his total investment was "about $8,000". In his complaint, plaintiff fixed the same damages at $5,000, and at trial he produced no records or receipts to substantiate his claim and made no effort to even break down his damages according to the various categories of claimed improvement. In addition, Supreme Court failed to give any consideration to the fact that plaintiff voluntarily improved defendant's property for his own benefit and then enjoyed those improvements for substantially all of the three-year lease period. At most, plaintiff was deprived of the use of his investment for only a few months of the lease period, and he offered no evidence of damage in that connection.

Cardona, P. J., White, Peters and Carpinello, JJ., concur. Ordered that the judgment is modified, on the law and the facts, with costs to defendant Robert J. Hickey, Sr., by reversing so much thereof as awarded damages, interest, costs and disbursements in the amount of $6,882.50 on plaintiff's third cause of action; said cause of action dismissed; and, as so modified, affirmed.