■ FRANK D. TULLEY et al., Appellants, v BAYFRONT NORTH, LTD., et al., Respondents. [730 NYS2d 603] —Order and judgment unanimously affirmed with costs. Memorandum: Supreme Court properly granted that part of defendants' cross motion for judgment declaring that plaintiffs have no permanent easement to park in the area known as the "title parking area." Parties seeking to establish the existence of a prescriptive easement must demonstrate by clear and convincing evidence that their use of the subject property was adverse, open and notorious, and continuous and uninterrupted for the prescriptive period of 10 years (*see*, RPAPL 311; *Di Leo v Pecksto Holding Corp.*, 304 NY 505, 512). Further, where use of the subject property was in common with the general public, such parties must show " 'some distinctive and decisive act on [their] or [their] predecessors' part indicating an exercise of exclusive right sufficient to notify the owner of the user and of the claim of right' (*Pro-Fac Coop. v Baltimore & Ohio R. R. Co.*, 36 AD2d 441, 444 * * *)" (*Northtown, Inc. v Vivacqua*, 272 AD2d 917, 918). Defendants met their initial burden of establishing their entitlement to judgment as a matter of law by submitting evidence in admissible form that plaintiffs' use of the title parking area was in common with the general public, including other residents of the subdivision and nonresidents such as guests and fishermen. Plaintiffs failed, however, to present proof of any act on their part that would provide the requisite notice of a hostile claim (*see, Lyon v Melino*, 214 AD2d 992, 993). The court therefore properly declared that plaintiffs have no permanent easement to park in the title parking area. (Appeal from Order and Judgment of Supreme Court, Monroe County, Bergin, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt, Burns and Gorski, JJ.