■ WILLIAM R. COLE, Appellant, v RAYMOND V. ROTHE et al., Respondents. [795 NYS2d 373]—

Mugglin, J. Appeal from an order of the Supreme Court (Bradley, J.), entered January 12, 2004 in Ulster County, which, inter alia, granted defendants' motion for summary judgment.

Kate Yeager Road Extension (hereinafter the roadway) in the Town of Saugerties, Ulster County, is a narrow dirt road running from Kate Yeager Road on the north to Stoll Road on the

south. Among the various parcels situate on this roadway are two owned by plaintiff, a 17.5-acre parcel acquired in 1981 and a 37-acre parcel acquired in 1986. Also on the roadway, south and east of plaintiff's parcels, is a 145-acre parcel acquired by defendants in 1979. It appears from the record that all abutting owners, their guests and invitees and perhaps others used the roadway to access these properties, without incident, until the Town of Saugerties Planning Board, in January 2002, approved a minor subdivision for defendants, permitting them to divide off from their larger parcel one 20-acre residential building lot which would be solely accessible by using the roadway. Plaintiff instituted this RPAPL article 15 proceeding to compel a determination of claims asserted by defendants to use the roadway. In their answer, among other things, defendants asserted an affirmative defense that the roadway is public and a counterclaim that they have a prescriptive easement over the roadway. Following discovery, defendants moved for summary judgment and plaintiff cross-moved for the same relief. Supreme Court granted defendants' motion and denied plaintiff's cross motion, holding that a prescriptive easement had been established and that, in any event, the roadway was a public highway for the benefit of all abutting properties. Plaintiff appeals.

We begin by agreeing with plaintiff that defendants have submitted insufficient evidence to eliminate all issues of fact to establish that the roadway is public. Thus, summary judgment should not have been granted based on this claim, particularly in the absence of the municipality, a necessary party, if the claim is that the roadway is a town highway (*see Matter of Van Aken v Town of Roxbury,* 211 AD2d 863, 865 [1995], *lv denied* 85 NY2d 812 [1995]). We do, however, agree with Supreme Court that defendants have established an easement by prescription in the roadway.

A party asserting the existence of a prescriptive easement must prove, by clear and convincing evidence, that the use of the subject property was open, notorious, continuous, hostile and under a claim of right for the requisite 10-year period (*see Allen v Mastrianni,* 2 AD3d 1023, 1024 [2003]; *Gravelle v Dunster,* 2 AD3d 964, 965 [2003]; *Gorman v Hess,* 301 AD2d 683, 684 [2003]). Generally, proof that use of a property was open, notorious, continuous and undisputed will give rise to a presumption that the use was hostile and under a claim of right (*see Allen v Mastrianni, supra* at 1024). The burden is then shifted to the party denying the existence of an easement to establish that the use of the subject land was, indeed, permissive (*see id.*). Exceptions to the rule that the presumption of hostil-

ity will arise exist (1) when the relationship between the parties is one of neighborly accommodation and cooperation (*see id.*; *McNeill v Shutts,* 258 AD2d 695, 696 [1999]) and (2) when the subject area is used by the general public (*see Rivermere Apts. v Stoneleigh Parkway,* 275 AD2d 701, 702 [2000]). It then becomes incumbent on the user to come forward with affirmative facts to establish that the use was, indeed, adverse to the interests of the landowner (*see id.*; *McNeill v Shutts, supra* at 696).

As an initial matter, we reject plaintiff's argument that defendants' claim must fail because their use of the road was not exclusive (*see Posnick v Herd,* 241 AD2d 783, 784 [1997]). Next, the record contains no evidence of a relationship between the parties that is one of neighborly accommodation and cooperation and scant, if any, evidence that the roadway was used by the general public. Assuming, without deciding, that the affidavit of one long-time area resident that he has frequently used the roadway, sometimes at the invitation of defendants and sometimes for his own purposes establishes use by the public, we nevertheless find that the record contains a distinctive and decisive act by defendants that would indicate to plaintiff that their use was pursuant to a claim of right (*see Tulley v Bayfront N.,* 286 AD2d 873 [2001]). The record establishes that defendant Raymond V. Rothe, while plaintiff was present, operated a bulldozer in the roadway adjacent to plaintiff's property to remove the crown of the roadway and, in places, to widen it. We note that plaintiff, in his affidavit in opposition to defendants' motion for summary judgment and in support of his cross motion, asserts that he advised Rothe that he could not bulldoze the road and that Rothe immediately stopped. In his examination before trial testimony, plaintiff made no such assertions. Plaintiff cannot create an issue of fact by submitting his own self-serving affidavit which contradicts prior sworn testimony (*see Stover v Robilotto,* 277 AD2d 801, 803 n [2000], *affd* 97 NY2d 9 [2001]). Therefore, summary judgment that defendants established a prescriptive easement in the roadway was appropriate.

Mercure, J.P., Crew III, Peters and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted that part of defendants' motion as declared Kate Yeager Road Extension to be a public highway; motion denied to that extent; and, as so modified, affirmed.