■ Eleanor Goldstein, Respondent, v Jonathon D. Jones et al., Appellants, and Michelle Stuhl et al., Respondents. [819 NYS2d 803]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered April 5, 2005 in Ulster County, which, inter alia, partially granted plaintiff's motions for summary judgment.

Plaintiff, the owner of a parcel of land in the Town of Olive, Ulster County, commenced this RPAPL article 15 action seeking to establish her right to utilize a roadway consisting of three rights-of-way on three adjoining parcels located between plaintiff's property and the entryway to Peck Road located to the west.[1] Specifically, from plaintiff's property (hereinafter parcel 4), a right-of-way (hereinafter ROW 3) runs westerly through parcel 3, which is owned by Sherret Chase, Catherine H. Chase Peters, Helen Chase, Alice R. Chase Long and Wilson C. Chase Lansdale (hereinafter collectively referred to as the Chase family).[2] The next right-of-way (hereinafter ROW 2) runs through property (hereinafter parcel 2) owned by defendants Jonathon D. Jones and Adile M. Jones (hereinafter collectively referred to as defendants). The final right-of-way (hereinafter ROW 1) directly leads to Peck Road and runs across property owned by defendants Michelle Stuhl and Howard Werner (hereinafter parcel 1).

As relevant to the instant controversy, the record discloses that Sherret Chase (hereinafter Chase) was the original owner of parcel 1 and also, as a member of the Chase family, a co-owner of a large tract of land to the east of parcel 2 from which parcels 3 and 4 were later created. When Chase sold parcel 1 to Stuhl and Werner, the April 1984 deed contained a provision excepting and reserving ROW 1 for use by a "single family residence" as a means of ingress and egress to Peck Road. At the time that parcel 1 was conveyed by Chase, parcel 2 was apparently owned by Josephine Pratt Lumb, who conveyed the property to Out-of-Bounds Realty Corporation in a September 1990 deed that indicated it included ROW 1. Apparently as the result of a belief by the Chase family that they might have a property interest in parcel 2, they exchanged quitclaim deeds with Out-

---

1. Supreme Court noted that, although all the subject properties technically front Peck Road, "[b]ecause of the topography and steep terrain the right of way provides the most accessible route to Peck Road for all of the parcels in question."

2. Plaintiff purchased her property from the Chase family and there is no dispute as to her right to access ROW 3.

of-Bounds in September 1997, which, among other things, confirmed the latter party's ownership of parcel 2. Notably, the quitclaim deed from Out-of-Bounds to the Chase family expressly gave them the right to utilize ROW 2 to access their tract of land located to the east of parcel 2. Subsequently, Out-of-Bounds conveyed parcel 2 to defendants in a June 2002 deed which included a reference to ROW 1 and indicated that the property was subject to ROW 2 as a means of ingress and egress from the land owned by the Chase family. Thereafter, in August 2002, the Chase family conveyed parcel 4 to plaintiff and, as part of that conveyance, Chase conveyed his reserved interest in ROW 1 across parcel 1 to plaintiff.[3] The deed also indicated that plaintiff was entitled to utilize ROW 2 and ROW 3.

Following the service of plaintiff's complaint herein, defendants served an answer disputing plaintiff's right to use ROW 2 and setting forth, among other things, certain counterclaims and cross claims asserting that they had a right to utilize ROW 1 either as an easement appurtenant emanating from their chain of title or as a prescriptive easement. In their answer, Stuhl and Werner, among other things, maintained that neither plaintiff nor defendants were entitled to use ROW 1 for access.

Thereafter, plaintiff brought two motions for summary judgment, seeking, among other things, an order establishing her right to use ROW 1 and ROW 2 to access her property and barring defendants from claiming a right to utilize ROW 1. Defendants cross-moved for summary judgment, requesting an order declaring that they have a nonexclusive right to use ROW 1, as well as an order enjoining plaintiff, Stuhl and Werner from interfering with their right to use ROW 1. Stuhl and Werner opposed these motions. In its decision and order, Supreme Court granted partial summary judgment in plaintiff's favor to the extent that it determined that she has valid easement rights to use ROW 1 and ROW 2. Further, the court denied defendants' cross motion in its entirety, prompting this appeal by defendants.[4]

Initially, defendants claim that their cross motion for summary judgment with respect to their claimed right to use ROW 1 as an appurtenant easement conveyed to them when they purchased their property was improperly denied. In our view,

---

3. It is irrelevant for purposes of the validity of ROW 1 that parcel 4 is not contiguous with parcel 1 (*see Cronk v Tait*, 279 AD2d 857, 859 [2001]).

4. We note that Stuhl and Werner did not file a notice of appeal from Supreme Court's judgment in plaintiff's favor. In fact, in their brief, Stuhl and Werner endorse plaintiff's right to utilize ROW 1, although they insist that defendants do not share a similar right.

Supreme Court did not err in denying that cross motion and, further, upon exercising our authority to search the record and grant summary judgment to a nonappealing party (*see Nelson v Sweet Assoc., Inc.*, 15 AD3d 714, 716 n [2005]; *Falsitta v Metropolitan Life Ins. Co.*, 279 AD2d 879 [2001]), we conclude that defendants' counterclaim that they are entitled to access ROW 1 based upon their chain of title should be dismissed. Significantly, the record contains documentary proof indicating that parcel 2 was in the Pratt Lumb family going back to 1865. Although the 1990 deed from Josephine Pratt Lumb to Out-of-Bounds does, for the first time in parcel 2's chain of title, contain a reference to ROW 1, there is no proof in the record that Stuhl and Werner, as the servient land owners, conveyed any interest in ROW 1 to Pratt Lumb and this absence is fatal to a claim of a deeded right-of way that could be conveyed to later owners (*see Kerryville Props. v Buvis*, 240 AD2d 898, 900 [1997]; 5-40 Warren's Weed, New York Real Property, Easements § 40.10 [2006]).

Nevertheless, defendants maintain that their claimed right to ROW 1 derives from the Chase family and, in that regard, offered proof in the form of the 1997 quitclaim deeds, along with correspondence and documents exchanged between Chase and Out-of-Bounds's president in the mid-1980s and 1990s. They claim such proof is sufficient to show that, at the time that ROW 1 was created in 1984, the Chase family believed that they owned an interest in parcel 2 (*see Matter of Estate of Thomson v Wade*, 69 NY2d 570, 573 [1987]). While this proof certainly shows that, indeed, Chase did represent at various times that his family might have such an interest, it cannot be ignored that the record is devoid of any proof articulating a source or legitimate basis for that belief. In his affidavit, Chase states only that his belief was "due to vague and old property descriptions," which were neither described nor attached. Moreover, no maps, deeds or other documents that might raise a question of fact in that regard were presented. To the contrary, the record only shows evidence of ownership and use of parcel 2 by Pratt Lumb's predecessors in title. In fact, the affidavits submitted by *defendants* in support of their request for summary judgment indicate that parcel 2 was owned by the Pratt Lumb family. For example, licensed land surveyor Bert Winne, who had familiarity with the area since the 1970s, averred that "[t]he lot in question now owned by [defendants] was the wood lot belonging to the Pratt Lumb family." Given the absence of proof supporting defendants' contention that they acquired a legitimate interest in ROW 1 through the 1997 quitclaim deed wherein the Chase family purported to deed any interest in that parcel to

Out-of-Bounds, plaintiff's motion seeking the dismissal of that particular claim should have been granted.[5]

Next, we are unpersuaded that Supreme Court erred in concluding that questions of fact existed regarding defendants' alternative claim for summary judgment that they acquired the right to utilize ROW 1 as a prescriptive easement. In order to prevail, defendants must demonstrate, by clear and convincing evidence, that the right-of-way over parcel 1 was hostile, open, notorious and continuous over an "unbroken 10-year period" prior to commencement of the proceeding (*Alexy v Salvador*, 217 AD2d 877, 879 [1995]; *see Cole v Rothe*, 18 AD3d 1058, 1059 [2005]; *Allen v Mastrianni*, 2 AD3d 1023, 1024 [2003]). Here, in support of that position, defendants include, among other things, the aforementioned affidavit of Winne, who stated that ROW 1 across parcel 1 was formerly an old logging road and an entrance from parcel 1 to Peck Road that existed as early as the 1970s. In addition, Peter Lumb averred that he recalled using ROW 1 with his grandfather, George W. Pratt, prior to 1953. Like Winne, he stated that the path was improved and used over the years by his family in order to take wood from parcel 2. Both Lumb and Winne indicated that ROW 1 was the only means of accessing parcel 2. While we agree with defendants that this proof was sufficient to meet their initial burden on their summary judgment motion, the proof submitted in opposition by Stuhl indicated that there was no evidence of a road "or path of any kind" when she and Werner purchased their property. Further, she stated that ROW 1 did not exist until 1984 when Chase cut a path to create ROW 1. We find this proof sufficient to create arguable issues of fact on the issue of prescriptive use or possible abandonment of an existing easement that should be resolved at trial (*see Knapp v Hughes*, 25 AD3d 886, 891 [2006]).

Finally, we conclude that Supreme Court properly granted partial summary judgment to plaintiff with respect to her right to access ROW 2 over defendants' property. Even assuming, for the sake of argument, that there remained a question as to the Chase family's possible ownership interest in parcel 2, resolution of that issue would not be necessary to determine that plaintiff gained the right to utilize ROW 2 from either of the

---

5. Since the dismissal of defendants' counterclaim that they acquired an interest in ROW 1 through the Chase family removes the sole avenue whereby defendants could arguably maintain that they are aggrieved by the grant of partial summary judgment to plaintiff with respect to her right to use ROW 1 over Stuhl and Werner's property (*see generally Matter of Grace R.*, 12 AD3d 764 [2004]), it is unnecessary to consider defendants' various arguments challenging that specific ruling.

two quitclaim deeds exchanged between Out-of-Bounds and the Chase family in September 1997. Specifically, if the Chase family did retain an ownership interest in that parcel, the quitclaim deed they filed excepting and reserving the right to use ROW 2 for ingress and egress was proper for that purpose. Moreover, given the proof that Out-of-Bounds properly traced their title to parcel 2 from the Pratt Lumb family, the quitclaim deed granting an express interest to the Chase family in ROW 2 would, by its language, be effective as a conveyance running with the land benefitting the adjoining property owned by the Chase family, i.e., the tract of land from which parcels 3 and 4 were later created. Notably, "[a]n easement may be created by agreement" (49 NY Jur 2d, Easements § 40; see 5-40 Warren's Weed, New York Real Property, Easements § 40.15 [2006]). Furthermore, inasmuch as the record establishes that defendants took title to parcel 2 with actual notice of the right-of-way recorded by their predecessor in title (see Zunno v Kiernan, 170 AD2d 795, 796 [1991]), they are "estopped from denying the existence of the easement" (Strnad v Brudnicki, 200 AD2d 735, 737 [1994]; see 49 NY Jur 2d, Easements § 151). Accordingly, we find no basis to disturb that part of Supreme Court's judgment that established plaintiff's right to utilize ROW 2.

The remaining arguments advanced by defendants have been examined and found to be either lacking in merit or unnecessary to reach in light of the above disposition.

Mercure, Crew III, Peters and Mugglin, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by granting plaintiff summary judgment dismissing the counterclaim of defendants Jonathon D. Jones and Adile M. Jones that they possess a deeded right-of-way over property owned by defendants Michelle Stuhl and Howard Werner, and, as so modified, affirmed.