CHARLES BOUTON et al., Respondents, v HENRY T. WILLIAMS, as Trustee of the Rock Ledge Hunting Club Trust, Appellant. [839 NYS2d 350]—

Rose, J. Appeal from an order of the Supreme Court (Work, J.), entered August 16, 2006 in Ulster County, which granted plaintiffs' motion for summary judgment.

Plaintiffs' parcel of land is accessible from a public road by traversing a "woods road" (hereinafter the roadway) across an adjoining parcel of land owned by defendant. After defendant denied them access in 2005, plaintiffs commenced this action to establish that they have acquired a prescriptive easement over the roadway. When Supreme Court granted plaintiffs' motion for summary judgment, this appeal ensued and we now reverse.

To establish a prescriptive easement, it is necessary for plaintiffs to show, by clear and convincing evidence, that their use of the roadway was adverse, open, notorious, continuous and uninterrupted for the 10-year prescriptive period (*see*

*Goldstein v Jones,* 32 AD3d 577, 581 [2006], *lv dismissed* 8 NY3d 939 [2007]; *Cole v Rothe,* 18 AD3d 1058, 1059 [2005]; *Alexy v Salvador,* 217 AD2d 877, 879 [1995]). While the starting year of use is disputed here, plaintiffs assert that they began using the roadway in 1982, and there is no dispute that the use was adverse, open and notorious. Defendant contends, however, and we must agree, that there is evidence that the installation of a locked, wooden gate across the roadway between two posts set in concrete by his predecessor-in-interest in November 1990 interrupted plaintiffs' use of the roadway. Inasmuch as a substantial physical barrier that successfully interrupts use for any period of time stops the running of the prescriptive period (*see* 4 Powell, Real Property § 34.10 [3] [b]; *compare Posnick v Herd,* 241 AD2d 783, 785 [1997]), we find a material question of fact precluding summary judgment. Plaintiffs' assertion that the gate was left unlocked serves only to create a question of fact as to whether it successfully interrupted their use.

As for the period subsequent to the alleged 1990 interruption, there is also a question of fact as to whether, as defendant alleges, plaintiffs acknowledged defendant's title and their use became permissive by offering to purchase an easement as early as 1998 (*see Beretz v Diehl,* 302 AD2d 808, 810 [2003]). Accordingly, the issue of whether a prescriptive easement was created should be resolved at trial (*see Goldstein v Jones, supra* at 581; *cf. Caswell v Bisnett,* 50 AD2d 672, 673 [1975], *lv denied* 38 NY2d 709 [1976]).

Cardona, P.J., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.