STATE OF NEW YORK, Respondent, v WILLIAM J. JOHNSON, Appellant. [846 NYS2d 671]—

Peters, J. Appeal from a judgment of the Supreme Court (McCarthy, J.), entered April 28, 2006 in Ulster County, upon a decision of the court in favor of plaintiff.

The former plaintiff in this action, the Awosting Reserve,[1] was founded by John Bradley in the late 1950s as a nonprofit organization for the purpose of preserving the natural wilderness of the Shawangunk Mountains. In 1994, Ridge Lake Partners, of which Bradley was a member, acquired property that later became Tillson Lake. In 1995, Ridge Lake was granted permission by the Department of Environmental Conservation to repair a dam on its newly acquired property and, among other things, fill a portion of the property that had formerly been a lake. Thereafter, Ridge Lake undertook a massive effort to clear, refill, and safeguard the newly-formed Tillson Lake. In 1995, a metal fence was erected around the lake, with chains and locks on its several gates, and a posting of a variety of "no trespassing" and "private property" signs every hundred feet. The Awosting Reserve obtained title to the lake, as well as other adjoining lands, by deed dated March 27, 2002. It also owns Lake Avenue, which is the only access road to the lake.

By deed dated July 8, 1994, defendant obtained title to a parcel of land which is separated from the lake by a strip of land approximately 10 feet wide and 60 feet long. Defendant contends that since the time of his purchase, he has consistently used, mowed and cleared such strip in order to access Tillson Lake for his boating and bathing activities.

Beginning in 1998, Bradley alleged that upon at least six occasions, he observed defendant trespass on property owned by the Awosting Reserve during Bradley's regular inspections of the property. The trespass took the form of cutting timber, mowing the grass and using the lake, even after being told, on each such occasion, that he was to vacate the area since he was on private property. Bradley testified that, from 1998 through the present, the lock on the gate nearest to defendant's property was frequently broken and replaced by a lock similar in appearance. In 2002, Bradley instructed defendant, by letter, to remove any items of personal property, including a dock he built, from Tillson Lake. Testimony further revealed that in 2004, defendant stacked firewood, parked his vehicle, planted grass seed

---

1. On July 27, 2007, this Court granted plaintiff's motion to substitute itself for the Awosting Reserve as plaintiff on this appeal.

and erected a wooden fence across a portion of Cherry Street, a private road owned by the Awosting Reserve, all without permission. In 2004, the Awosting Reserve also sent defendant a letter instructing him to remove all of his personal property from Tillson Lake. When none of these was successful, this action was commenced in 2005 alleging, among other things, a trespass by defendant and seeking a permanent injunction barring him from entering its property or using Tillson Lake. Defendant counterclaimed, asserting, among other things, easements by prescription and adverse possession. At the conclusion of a trial, Supreme Court awarded judgment to plaintiff. Defendant appeals.

"To create an easement by express grant there must be a writing containing plain and direct language evincing the grantor's intent to create a right in the nature of an easement rather than a revocable license" (*Willow Tex v Dimacopoulos*, 68 NY2d 963, 965 [1986] [citation omitted]; *see Spencer v Connolly*, 25 AD3d 832, 834 [2006]). Such writing must unequivocally establish that the grantor's intent was "to give *for all time to come* a use of the servient estate to the dominant estate" (*Willow Tex v Dimacopoulos*, 68 NY2d at 965). Additionally, if there is an ambiguity with regard to the permanency of the restriction placed on the servient estate, it is to be treated as a license or an easement in gross which is revocable at will by the grantor (*see id.; Webster v Ragona*, 7 AD3d 850, 854 [2004]).

Incorporated by reference in defendant's deed are the restrictions and covenants contained in the deed from common grantors Hassie Tillson and Carolyn Tillson to J. Milton Quackenbush and Helen Quackenbush. It purportedly states[2] that "the above described premises are sold and conveyed and accepted upon and under the following restrictions and covenants on the part of the parties of the second part [Quackenbush] their heirs and assigns forever." The sixth enumerated restriction allegedly states that "[n]o water rights in and to Tillson Lake or the inlet thereto or the outlet therefrom is granted except that the grantee named in this particular instrument and his or her family and the guests of his or her family are hereby permitted to use and enjoy the waters of Tillson Lake for fishing, boating and bathing." The language of the grant further permits the grantee "to use and enjoy the waters of Tillson Lake . . . subject to the rules, by-laws and regulations of the Tillson Lake Property Owners Association, which . . . may be changed, altered or

**2.** The Tillson to Quackenbush deed is not contained in the record. However, it appears uncontested that the quoted language is the language from such deed.

amended at any time." In our view, these provisions reserved a right-of-way to the original grantee personally, thereby creating a license or easement in gross (*see Stasack v Dooley*, 292 AD2d 698, 699 [2002]; *Simmons v Abbondandolo*, 184 AD2d 878, 879 [1992]; *compare Willow Tex v Dimacopoulos*, 68 NY2d at 965; *Henry v Malen*, 263 AD2d 698, 703 [1999]), which did not extend to defendant (*see Spencer v Connolly*, 25 AD3d at 834). While defendant contends that the last portion of the Tillson to Quackenbush deed, which states that "the above restrictions, agreements and covenants shall run with the land," created an easement entitling him to the use of Tillson Lake, we disagree. The license allowing the specific grantee to use Tillson Lake for boating, bathing and fishing was merely a temporary exception to the enjoining restriction which was intended to run with the land.

As to the issue of trespass, it was plaintiff's burden to prove, by a preponderance of the evidence, that defendant made an intentional entry upon its property and that such entry was unauthorized (*see Phillips v Sun Oil Co.*, 307 NY 328, 331 [1954]; *Trustco Bank N.Y. v S/N Precision Enters.*, 234 AD2d 665, 667 [1996]). Liability may attach regardless of defendant's mistaken belief that he or she had a right to enter (*see Golonka v Plaza at Latham*, 270 AD2d 667, 669 [2000]). Here, extensive record evidence established defendant's trespass both on the Cherry Street property, as well as Tillson Lake. Finding these acts to establish plaintiff's prima facie burden of a trespass (*see id.*; *Trustco Bank N.Y. v S/N Precision Enters.*, 234 AD2d at 667), defendant had to show that he had either a lawful right to enter these properties or had the owner's permission. Having wholly failed to meet such burden, we again find no error.

Nor do we find error in Supreme Court's finding that defendant failed to prove his entitlement to a prescriptive easement on the 10 foot by 60 foot strip of land connecting his property to Tillson Lake. To establish a prescriptive easement, defendant had to show that his use of the strip was adverse, open, notorious, continuous and uninterrupted for the 10-year prescriptive period (*see Bouton v Williams*, 42 AD3d 795, 795 [2007]; *Goldstein v Jones*, 32 AD3d 577, 581 [2006], *lv dismissed* 8 NY3d 939 [2007]; *Cole v Rothe*, 18 AD3d 1058, 1059 [2005]). Although defendant contends that he was engaged in a constant use of this strip to access Tillson Lake since his purchase of the property, plaintiff's predecessors' erection of a metal fence, equipped with locked and chained gates, stopped the running of the prescriptive period (*see Bouton v Williams*, 42 AD3d at 796; *compare Posnick v Herd*, 241 AD2d 783, 785 [1997]). With evi-

dence further establishing the frequency with which plaintiff's predecessors had to restore the locks and chains throughout the 10-year period, we find plaintiff to have unequivocally established that the requisite continuity element was destroyed (*see Bouton v Williams*, 42 AD3d at 795-796).

Finally, as overwhelming evidence established defendant's trespasses, we conclude, despite the nominal damages awarded, that the issuance of a permanent injunction was proper. As the Court of Appeals guides, "where the injury is permanent in character, and the damages resulting therefrom continuous in their nature, and especially where, from the nature of the act and the injury suffered, it is impossible, or difficult, to ascertain and determine the extent of the injury which may flow from a continuance of the wrong, an injunction is the proper remedy" (*Poughkeepsie Gas Co. v Citizens' Gas Co.*, 89 NY 493, 497 [1882]).

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.