*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    March 5, 2015                    517877
_____

DOUGLAS E. KAMPFER,
                    Appellant,

         v                              MEMORANDUM AND ORDER

JACOB DaCORSI et al.,
                    Respondents.
_____


Calendar Date:   January 16, 2015

Before:   Lahtinen, J.P., Egan Jr., Lynch and Devine, JJ.


_____


        Douglas E. Kampfer, Mayfield, appellant pro se.

        Hodgson Russ LLP, Albany (Christian J. Soller of counsel),
for Jacob DaCorsi and another, respondents.

        Englert, Coffey, McHugh & Fantauzzi, LLP, Schenectady
(Peter J. Coffey of counsel), for John Buchanan, respondent.


_____


Lynch, J.

        Appeal from an order of the Supreme Court (Hoye J.),
entered October 25 2013 in Fulton County, which, among other
things, granted defendants' motions for summary judgment
dismissing the complaint.

        In November 2007, plaintiff and defendant John Buchanan
entered into a written agreement by which plaintiff agreed to
loan Buchanan $10,000, which Buchanan agreed to repay, interest
free, by December 31, 2008.  The agreement also provided that
Buchanan "grants to [plaintiff] the right to use the land listed
above for the purpose of agriculture," and lists seven separate
parcels.  There is no dispute that Buchanan repaid the loan in

full on April 27, 2008, well in advance of the due date.  An ongoing dispute continued as to whether plaintiff retained an easement to use the land after the loan had been repaid (see Kampfer v Buchanan, 2011 WL 691647, 2011 US Dist LEXIS 16586 [ND NY, Feb. 18, 2011, No. 1:10-CV-1234]).  In 2013, Buchanan conveyed the property to defendants Jacob DaCorsi and Brittany DaCorsi.  After the DaCorsis commenced a proceeding to remove plaintiff from the property, plaintiff commenced this action for breach of contract against Buchanan and for defamation against the DaCorsis.  Defendants answered and interposed counterclaims against plaintiff for damages.  Plaintiff, in turn, moved for an order requiring defendants to post a surety bond in the amount of $20,000.  Defendants then moved for, among other things, summary judgment dismissing the complaint, and plaintiff cross-moved for summary judgment.  Supreme Court, among other things, denied plaintiff's motion for a bond and granted defendants' motions and dismissed the complaint and all counterclaims and cross claims. The court imposed sanctions against plaintiff in the amount of $5,000 payable to Buchanan and $5,000 payable to the DaCorsis. Plaintiff now appeals.

Acknowledging that the loan was repaid, plaintiff maintains that the agreement conveyed to him a continuing easement to utilize the property for agricultural purposes.  We disagree.  We recognize that "'it is often difficult to distinguish between an easement, which is an interest in real property, and a mere license, which implies no such interest, . . . is personal to the holder, is not assignable and is of limited duration'" (Henry v Malen, 263 AD2d 698, 702 [1999], quoting Simmons v Abbondandolo, 184 AD2d 878, 879 [1992]; see Loch Sheldrake Assoc. v Evans, 306 NY 297, 304 [1954]; State of New York v Johnson, 45 AD3d 1016, 1018 [2007]; Webster v Ragona, 7 AD3d 850, 852, 853 n 1 [2004]).[1] "'To create an easement by express grant there must be a writing containing plain and direct language evincing the grantor's intent to create a right in the nature of an easement rather than

_____

[1]  The two broad easement categories are (1) easements appurtenant, which provide an interest in the land, and (2) a license or easement in gross, which provides a personal right of use only (see Henry v Malen, 263 AD2d at 703 n 3).

a revocable license'" (State of New York v Johnson, 45 AD3d at 1018, quoting Willow Tex v Dimacopoulos, 68 NY2d 963, 965 [1986]).  Aside from the word "grant," the agreement does not use language typically utilized to convey an interest in land, such as "convey" and "forever" (compare Henry v Malen, 263 AD2d at 703; Clements v Schultz, 200 AD2d 11, 13 [1994]).  Moreover, the agreement expressly speaks to a loan and includes a clause purporting to authorize plaintiff to foreclose upon the property for nonpayment.  Where, as here, there is no express time limitation for the right to use the property, that right should be deemed a license, and not an easement (see Willow Tex v Dimacopoulos, 68 NY2d at 965), particularly given that plaintiff drafted the agreement (see 22 NY Jur 2d, Contracts § 257).  Both the language of the agreement and the loan context lead us to conclude, as did Supreme Court, that Buchanan merely conferred a license upon plaintiff to use the property pending repayment.

Since the complaint speaks to a breach of contract based only on Buchanan's asserted failure to cooperate in recording the agreement in December 2007, for which Buchanan was under no obligation, we find that Supreme Court properly dismissed this cause of action against Buchanan.  As the license expired in 2008, the DaCorsis were entitled to commence proceedings to remove plaintiff from the property and, as such, the defamation claim against them was also properly dismissed.  Given the nuances of the agreement, however, we cannot say that plaintiff engaged in such frivolous conduct as to warrant financial sanctions (compare He v Realty USA, 121 AD3d 1336, 1340-1341 [2014]).  As such, we find that Supreme Court abused its discretion in awarding sanctions.

Lahtinen, J.P., and Egan Jr., J., concur.


Devine, J. (concurring in part and dissenting in part.)

I differ with the majority's decision only to the extent that it found that Supreme Court abused its discretion in imposing sanctions upon plaintiff.  "The authority to impose sanctions or costs is committed to the court's sound discretion and, absent an abuse thereof, we will not disturb such an award"

(<u>De Ruzzio v De Ruzzio</u>, 287 AD2d 896, 896 [2001] [internal quotation marks and citation omitted]; <u>see</u> <u>Ireland v GEICO Corp.</u>, 2 AD3d 917, 919 [2003]; <u>First Deposit Natl. Bank v Van Allen</u>, 277 AD2d 858, 859 [2000]).  Sanctions may be imposed upon a party if his or her conduct "is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law[,] is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another [or] asserts material factual statements that are false" (22 NYCRR 130-1.1 [c]; <u>see</u> <u>Mokay v Mokay</u>, 111 AD3d 1175, 1178 [2013]).  Importantly, when determining whether a party has acted frivolously, the court should consider "'whether or not the conduct was continued when its lack of legal or factual basis was apparent [or] should have been apparent'" (<u>Navin v Mosquera</u>, 30 AD3d 883, 883 [2006], quoting 22 NYCRR 130-1.1 [c]).

When plaintiff commenced this action, he was well aware that his assertion that he had easement rights to the property was tenuous, and there was no cognizable legal basis for his request that defendants or, alternatively, their attorneys, post a surety bond.  Even after his attempts to secure an injunction barring his eviction from the land proved futile, plaintiff pushed ahead with the instant action in such a manner that could reasonably be viewed as an attempt to harass or maliciously injure defendants.

The majority's decision to reverse the award of sanctions serves to remove one of the few tools that trial courts may utilize to eliminate baseless actions — and the unrelenting motions that often accompany such matters — and control parties who are clearly intent on exploiting our increasingly overburdened judicial resources.  Therefore, I would affirm Supreme Court's order in its entirety.

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as awarded sanctions to defendants, and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court